LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

LAW OFFICES OF GOLDBERG & GAGE
Bradley C. Gage, Esq. (Bar No. 117808)
bgage@goldbergandgage.com
23002 Victory Blvd, Woodland Hills, CA 91367
Tel: (818) 340-9252
Fax: (818) 340-9088

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| N.B., a minor, by and through guardian *ad litem* Elonda Holman, individually and as successor in interest to Terron Boone, deceased; T.A. and T.B., minors, by and through guardian *ad litem* Sharice Armstead, individually and as successors in interest to Terron Boone, deceased; D.S., a minor, by and through guardian *ad litem* Shellondra Thomas, individually; and SHELLONDRA THOMAS, individually,<br><br>                Plaintiffs,<br><br>       vs.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>                Defendants. | Case No.: 2:21-cv-02165-FLA-PD<br><br>**PLAINTIFFS' UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF COMPROMISE OF THE CLAIMS OF THE MINOR PLAINTIFFS**<br><br>[Verifications by Guardians ad Litem, Declaration of Renee V. Masongsong and Exhibits thereto, and Proposed Order *filed concurrently herewith*] |

**TO THIS HONORABLE COURT, AND ALL PARTIES THROUGH THEIR ATTORNEYS OF RECORD:**

    **PLEASE TAKE NOTICE THAT** Plaintiffs, N.B., a minor, by and through guardian *ad litem* Elonda Holman, individually and as successor in interest to Terron Boone, deceased; T.A. and T.B., minors, by and through guardian *ad litem* Sharice Armstead, individually and as successors in interest to Terron Boone, deceased; D.S., a minor, by and through guardian *ad litem* Shellondra Thomas, individually; and SHELLONDRA THOMAS, individually, ("Plaintiffs") hereby move this Court by way of this Unopposed Ex Parte Application for Approval of Compromise of the Claims of the minor plaintiffs, N.B., T.A., T.B., and D.S. ("Minor Plaintiffs")

    Plaintiffs make this application pursuant to Central District Local Rule 7-19. The grounds for this application are set forth in the Memorandum of Points and Authorities, which follows below, and the Declaration of Renee V. Masongsong, which is submitted concurrently herewith. Prior to filing this *ex parte* application, on February 27, 2025, Plaintiffs' counsel contacted Defendants' counsel in compliance with Local Rule 7-19 through 7-19.1. Defendants are represented by: Jill Williams; Carpenter, Rothans & Dumont; 500 South Grand Avenue, 19th Floor; Los Angeles, California 90071; 213-228-0400; jwilliams@crdlaw.com. (Declaration of Renee V. Masongsong in Support of Ex Parte Application for Approval of Minor's Compromise ("Masongsong Decl.") at ¶¶ 2-3).

    Defendants' counsel does not oppose the filing of this application for approval of the minors' compromise on an *ex parte* basis, and Defendants and their counsel take no position as to the distribution of the settlement funds. Defendants' counsel represented that Defendants will not be filing an opposition or response to this application and agreed to accept service of this Application by email. (Masongsong Decl. at ¶¶ 2-3). Plaintiffs seek approval of the minors' compromises

-2-
UNOPPOSED EX PARTE APPLICATION FOR APPROVAL OF COMPROMISE OF CLAIMS OF THE MINOR PLAINTIFFS

on an *ex parte* basis because the interest rates for the annuities will expire if this matter is heard as a regularly noticed motion. (Masongsong Decl. at ¶ 4).

DATED:  February 28, 2025          LAW OFFICES OF DALE K. GALIPO

                                 By:   *s/ Renee V. Masongsong*
                                         Dale K. Galipo
                                         Renee V. Masongsong
                                         *Attorneys for Plaintiffs*

# UNOPPOSED EX PARTE APPLICATION FOR APPROVAL OF COMPROMISE OF THE CLAIMS OF THE MINOR PLAINTIFFS

## I. INTRODUCTION

Shellondra Thomas, guardian *ad litem* for minor plaintiff D.S., Elonda Holman, guardian *ad litem* for minor plaintiff N.B., and Sharice Armstead, guardian *ad litem* for minor plaintiffs T.A. and T.B., hereby submit this petition and proposed order for approval of the compromise of the claims of D.S., N.B., T.A., and T.B. ("Minor Plaintiffs") in this matter, and request that the Court approve of the proposed distribution of the minors' funds. Shellondra Thomas is D.S.'s legal guardian and natural mother. Elonda Holman is N.B.'s legal guardian and natural mother. Sharice Armstead is T.A.'s and T.B.'s legal guardian and natural mother.

The instant claims of minor plaintiffs N.B., T.A., and T.B. arose out of the fatal shooting of their father, decedent Terron Boone, by Los Angeles Sheriff's Department Deputies on June 17, 2020. Mr. Boone was in the passenger seat of a vehicle when he was shot and killed, and his children (N.B., T.A., and T.B.) brought their claims as successors in interest to Mr. Boone.

The instant claims of minor plaintiff D.S. arose from her being in the backseat of the vehicle that Mr. Boone occupied at the time of the shooting. D.S.'s mother, Shellondra Thomas, is also a plaintiff in this case and was the driver of the vehicle Mr. Boone occupied at the time of the shooting. D.S. is not Mr. Boone's child.

Plaintiffs and Defendants have agreed to settle the above-referenced case, and the parties' settlement has been approved by the proper County of Los Angeles authorities.

The settlement agreement obligates Defendants to pay Plaintiffs and their attorneys of record the total gross sum of $275,000 divided between the Plaintiffs in the gross amounts as follows:

| | |
|---|---|
| N.B. and her attorneys | $65,000 |
| T.A. and his attorneys | $65,000 |

| | |
|---|---|
| T.B. and his attorneys | $65,000 |
| D.S. and her attorneys | $20,000 |
| Shellondra Thomas and her attorneys: | $60,000 |

(Masongsong Decl. at ¶ 5).

## II. DISCUSSION

District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors. Rule 17(c) provides, in relevant part, that a district court must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c).  In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Dacanay v. Mendoza,* 573 F.2d 1075, 1080 (9th Cir. 1978); *see also Salmeron v. United States,* 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minors' claims to assure itself that the minors' interests are protected, even if the settlement has been recommended or negotiated by the minors' parent or guardian ad litem.").

> Although the district court has a special duty to safeguard the interests of minor plaintiffs, that duty requires only that the district court determine whether the net amount distributed to each minor plaintiff in the proposed settlement is fair and reasonable, without regard to the proportion of the total settlement value designated for adult co-Plaintiffs and contracted by them with Plaintiffs' counsel. If the net recovery of each minor plaintiff under the proposed settlement is fair and reasonable, the district court should approve the settlement as proposed.

*Robidoux v. Rosengren*, 638 F.3d 1177, 1179 (9th Cir. 2011).

California Code of Civil Procedure Section 372 and California Rules of Court, Rule 3.1384 refer to the requirement of court approval and incorporate other

rules requiring disclosure of various pertinent facts.  California Rule of Court 3.1384 provides that "[a] petition for court approval of a compromise or covenant not to sue under Code of Civil Procedure Section 372 must comply with rules 7.950, 7.951, and 7.952."  Pursuant to the above California rules, Plaintiffs and their attorneys make the following disclosures:

**Disclosures pursuant to California Rule of Court 7.950:**

1. Petitioners are: (1) Shellondra Thomas, guardian *ad litem* for minor plaintiff D.S.; (2) Elonda Holman, guardian *ad litem* for minor plaintiff N.B.; and (3) Sharice Armstead, guardian *ad litem* for minor plaintiffs T.A. and T.B.

2. Minor plaintiffs N.B., T.A., and T.B. are the minor children of the decedent in this case, Terron Boon, and bring their claims as successors in interest to Mr. Boone. N.B. was born on September 10, 2010.  T.A. was born on September 15, 2008.  T.B. was born on January 4, 2012.  Minor plaintiff D.S., who brings her claims individually, was born on March 2, 2013.

3. The nature of the Plaintiffs' claims in this lawsuit is set forth in the operative complaint filed in this action.  Pursuant to the settlement agreement, the minors' claims will be compromised without a trial on the merits. (Masongsong Decl. at ¶ 6).

4. Plaintiffs N.B.'s, T.A.'s, and T.B.'s damages in this case arise from (1) the injuries suffered by their father, Terron Boone (the decedent), for which Plaintiffs N.B., T.A., and T.B. can recover survival damages as a successor in interest (survival damages); and (2) Plaintiffs N.B.'s, T.A.'s, and T.B.'s individual losses of the decedent's comfort, care, companionship, training, support, and guidance (wrongful death damages).  Plaintiff D.S.'s damages in this case arise from her being in the back seat of the vehicle occupied by the decedent at the time that the decedent was shot. (Masongsong Decl. at ¶ 7).

5. The total amount of the settlement that Defendant County of Los Angeles agrees to pay is $275,000.  Plaintiffs' attorneys are requesting attorneys' fees of

40% of the $275,000 in gross settlement proceeds.  (Masongsong Decl. at ¶ 8).

Plaintiffs' attorneys also seek reimbursement for each minor plaintiff's pro rata share of Plaintiffs' total advanced litigation costs.  Plaintiffs and their attorneys propose to allocate these costs on a pro rata basis reflecting the total recovery to each plaintiff. The total advanced litigation costs are $11,304.09.  Each minor plaintiff's pro rata share of the litigation costs is as follows:

    N.B.: $2,671.61

    T.A.: $2,671.61

    T.B.: $2,671.61

    D.S.: $824.09

Additionally, Plaintiffs' attorneys seek reimbursement for any liens asserted against the settlement, including a $2,244.41 Medi-Cal lien asserted against D.S.'s share of the settlement, and additional liens asserted against adult Plaintiff Shellondra Thomas's portion of the settlement. (Masongsong Decl. at ¶ 9).

These are the amounts that Plaintiffs' attorneys would be due under the existing contingency fee retainer agreements in this case.  Plaintiffs signed retainer agreements with the Law Offices of Dale K. Galipo and the Law Offices Goldberg & Gage that provide for a 40% contingency fee, which is a total of $110,000, divided as follows: (1) $26,000 from N.B.; (3) $26,000 from T.B.; (3) $26,000 from T.A.; (4) $8,000 from D.S.; (5) $24,000 from adult plaintiff Shellondra Thomas. (Masongsong Decl. at ¶ 8).

The 40% contingency attorney fee award in this case is justified by attorney Dale K. Galipo's skill and experience in the civil rights field, the difficulties and complexities of this case, and the risk assumed by Plaintiffs' counsel in this difficult case.  Mr. Galipo is one of the most successful and experienced civil rights attorneys in the country.  Mr. Galipo has been elected as a "Super Lawyer" every year since the year 2013. In 2019, Mr. Galipo was selected to the Inner Circle of Advocates, considered to represent the top one hundred civil Plaintiffs' attorneys in the United

States.  Also in 2019, Mr. Galipo was elected as a Fellow of the American College of Trial Lawyers, which is recognized as the preeminent organization of trial lawyers in North America.  In 2020, Mr. Galipo received the "Trial Lawyer of the Year" award from the Consumer Attorneys Association of Los Angeles ("CAALA").  Also in 2020, Mr. Galipo received the "2020 Consumer Attorney of the Year" award from the Consumer Attorneys of California ("CAOC").

Some of Mr. Galipo's recent notable verdicts include the following: $13,500,000 verdict in the restraint death case *Zelaya v. City of Los Angeles*, tried in federal court before the Honorable Otis Wright, II in October 2023; $23,800,000 verdict in the police shooting case *Murillo v. City of Los Angeles*, tried in federal court before the Honorable Fernando M. Olguin in August 2023; $10,000,000 verdict in the case *Najera v. County of Riverside*, tried in federal court in April 2023; $17,002,000 verdict in the case *French v. City of Los Angeles*, tried in October 2021 before the Honorable Jesus G. Bernal; $13,200,000 verdict in the police in-custody death case *Valenzuela v. City of Anaheim*, tried in November 2019 before the Honorable Cormac J. Carney.

Mr. Galipo has recently been awarded statutory attorney fee rates over $1,000 an hour and up to $1,400 an hour by multiple federal courts.  In the case *L.D. v. City of Los Angeles*, tried in federal court in January 2020 in front of the Honorable Philip S. Gutierrez, Mr. Galipo achieved a verdict of $4.5 million, and Judge Gutierrez awarded Mr. Galipo an hourly rate of $1,100 in ruling on the attorney fee motion brought post-trial pursuant to 42 U.S.C. § 1988.  In the case *Donastorg v. City of Ontario*, tried in federal court in June 2021 before the Honorable Jesus G. Bernal, Mr. Galipo was also awarded $1,100 per hour.  In *Craig v. County of Orange*, which Mr. Galipo tried in April of 2019, the Honorable Cormac J. Carney awarded Mr. Galipo an hourly rate of $1,000 for work performed in the district court case and $1,200 per hour for work in defending defendants' appeals to the Ninth Circuit and the Supreme Court.  Also in 2019, Judge Carney awarded Mr. Galipo

$1,200 per hour for his work in defending the defendants' appeals of the verdict in the case *Valenzuela v. City of Anaheim*. In *French v. City of Los Angeles*, Judge Bernal awarded Mr. Galipo $1,100 per hour for his work in that case at the district court level. In the same case, after the plaintiffs prevailed against the City's appeal, Judge Bernal awarded Mr. Galipo $1,400 per hour for attorney fees on appeal, in an order dated February 21, 2024. Mr. Galipo's hourly rates as awarded by these federal judges support Plaintiffs' attorneys' request for the full 40% contingency attorney fee in this case.

Additionally, this case involved a substantial amount of risk. If the Law Offices of Dale K. Galipo and the Law Offices of Goldberg & Gage were not awarded a fully compensatory fee in cases such as this one, then these attorneys would not be able to take such difficult cases. In turn, minor plaintiffs such as N.B., D.S., T.B., and T.A. would not be able to attract competent counsel who could achieve similar results. Accordingly, Plaintiffs' attorneys request reimbursement of the full amount of their attorneys' fees and costs. (Masongsong Decl. at ¶ 10).

7. As stated above, the gross amount of the settlement is $275,000. After deducting requested attorneys' fees and deducting and the pro-rata share of costs and lien asserted against D.S.'s share of the settlement, the total net settlement proceeds to the Minor Plaintiffs are as follows:

    N.B.: $36,328.39
    T.A.: $36,328.39
    T.B.: $36,328.39
    D.S.: $8,931.50

(Masongsong Decl. at ¶ 11).

8. It is requested that $36,328.39 be used to fund a structured settlement annuity for N.B. Attached as "Exhibit A" to the Declaration of Renee V. Masongsong is the proposed structured settlement annuity for N.B., which is incorporated herein in its entirety by reference. N.B.'s guardian *ad litem,* Elonda

Holman, agrees to this proposal and believes that it is in the best interests of N.B. (Masongsong Decl. at ¶ 12).

It is further requested that $36,328.39 be used to fund a structured settlement annuity for T.B. Attached as "Exhibit A" to the Declaration of Renee V. Masongsong is the proposed structured settlement annuity for T.B., which is incorporated herein in its entirety by reference. T.B.'s guardian *ad litem,* Sharice Armstead, agrees to this proposal and believes that it is in the best interests of T.B. (Masongsong Decl. at ¶ 12).

It is further requested that $36,328.39 be used to fund a structured settlement annuity for T.A. Attached as "Exhibit A" to the Declaration of Renee V. Masongsong is the proposed structured settlement annuity for T.A., which is incorporated herein in its entirety by reference. T.A.'s guardian *ad litem,* Sharice Armstead, agrees to this proposal and believes that it is in the best interests of T.A. (Masongsong Decl. at ¶ 12).

It is further requested that $8,931.50 be used to fund a structured settlement annuity for D.S. Attached as "Exhibit A" to the Declaration of Renee V. Masongsong is the proposed structured settlement annuity for D.S., which is incorporated herein in its entirety by reference. D.S.'s guardian *ad litem,* Shellondra Thomas, agrees to this proposal and believes that it is in the best interests of D.S. The net settlement amount to D.S. is different from the net settlement amount to T.A., T.B., and N.B. because D.S. had different claims and standing. T.A., T.B., and N.B. are the children of the decedent, and T.A., T.B., and N.B. had wrongful death and survival claims as the decedent's successors in interest. (Masongsong Decl. at ¶ 12).

9. The moving guardians *ad litem* do not have any claims against the minor plaintiffs in connection with the subject incident. The only guardian ad litem who is a plaintiff in this case is Shellondra Thomas.

11. California Welfare and Institutions Code Section 14124.73 does not

apply.

12. This motion does not seek an order for payment of money to a special needs trust. (Masongsong Decl. at ¶ 15).

**Disclosures pursuant to California Rule of Court 7.951:**

1. This petition was prepared by attorney Renee V. Masongsong (California State Bar Number 281819), of the Law Offices of Dale K. Galipo, located at 21800 Burbank Boulevard, Suite 310, Woodland Hills, California, which represents Plaintiffs in this action. (Masongsong Decl. at ¶ 14).

2. Plaintiffs' attorneys did not become concerned with this matter at the instance of any party against whom the claims of any of the minor plaintiffs are asserted. (Masongsong Decl. at ¶ 15).

3. The Law Offices of Dale K. Galipo and Law Offices of Goldberg & Gage are not employed by any other party or any insurance carrier involved in the matter. (Masongsong Decl. at ¶ 16).

4. Plaintiffs' attorneys have not to date received any compensation for their services in connection herewith from any person. (Masongsong Decl. at ¶ 17).

5. In addition to receiving compensation from the Minor Plaintiffs' shares of the settlement as described herein, Plaintiffs' attorneys expect to receive compensation for their services in connection herewith from the gross settlement proceeds allocated to Plaintiff Shellondra Thomas as follows: Plaintiffs' attorneys will receive $24,000 in attorneys' fees from Shellondra Thomas' portion of the settlement and reimbursement from Shellondra Thomas the amount of her pro rata share of costs advanced, which is $2,465.17. (Masongsong Decl. at ¶ 18).

6. The Law Offices of Dale K. Galipo and the Law Offices of Goldberg & Gage accepted this engagement for a contingency fee, plus reimbursement for any costs advanced. The current retainer agreement provides for a 40 percent attorney fee recovery if the matter concludes after commencement of a lawsuit. (Masongsong Decl. at ¶ 8).

**Petitioners' Endorsements:**

Each respective petitioner identified above has made a careful and diligent inquiry and investigation to ascertain the facts relating to the incident giving rise to their minor's claims, the parties responsible for the incident, and the nature, extent and seriousness of the minors' claims. Petitioners further understand that if the compromise proposed in this petition is approved by the Court and is consummated, the Minor Plaintiffs will be forever barred from seeking any further recovery of compensation even though the minors' injuries and loss might in the future appear to be more serious than they are now thought to be. Petitioners are informed and believe that the Minor Plaintiff(s) for whom they have been designated as the guardian ad litem has made some sufficient recovery from the effects of their injuries and losses so as to justify the resolution of this matter in accord with the terms of the settlement agreement. Petitioners recommend the compromise settlement and the proposed distribution to their respective minors as being fair, reasonable, and in the best interest of the minor, and requests that the Court approve this compromise settlement and make such other and further orders as may be just and reasonable.

Petitioner Elonda Holman requests that the Court enter the proposal attached to the Declaration of Renee V. Masongsong as "Exhibit A" for N.B. Specifically, Petitioner Elonda Holman requests that the Court enter the Proposed Order filed concurrently herewith. Petitioner Elonda Holman's verification is attached hereto.

Petitioner Sharice Armstead also requests that the Court enter the proposal attached to the Declaration of Renee V. Masongsong as "Exhibit B" for T.B., and enter the proposal attached as "Exhibit A" for T.A. Specifically, Petitioner Sharice Armstead requests that the Court enter the Proposed Order filed concurrently herewith. Petitioner Sharice Armstead's verification is attached hereto.

Petitioner Shellondra Thomas also requests that the Court enter the proposal attached to the Declaration of Renee V. Masongsong as "Exhibit A" for D.S.

1 Specifically, Petitioner Shellondra Thomas requests that the Court enter the
2 Proposed Order filed concurrently herewith.  Petitioner Shellondra Thomas'
3 verification is attached hereto.

**III.  CONCLUSION**

For the reasons above, the Court should enter the proposed order submitted concurrently herewith.

DATED: February 28, 2025          LAW OFFICES OF DALE K. GALIPO

By: _____*s/ Renee V. Masongsong*_____
Dale K. Galipo
Renee V. Masongsong
*Attorneys for Plaintiffs*

-13-
UNOPPOSED EX PARTE APPLICATION FOR APPROVAL OF COMPROMISE OF CLAIMS OF THE MINOR PLAINTIFFS

**VERIFICATION BY MINOR'S GUARDIAN**

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct.

Executed on this <u>20</u> day of February 2025, at Lancaster, California.

_____
Elonda Holman, guardian ad litem for N.B.

-1-

**VERIFICATION BY MINOR'S GUARDIAN**

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct.

Executed on this <u>28</u> day of February 2025, at Rosamond, California.

_____
Shellondra Thomas, guardian ad litem for D.S.

-1-

VERIFICATION BY SHELLONDRA THOMAS AS GUARDIAN AD LIDEM FOR MINOR PLAINTIFF D.S.

**VERIFICATION BY MINOR'S GUARDIAN**

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct.

Executed on this 20 day of February 2025, at Jean, Nevada.

*Sharice Armstead*
Sharice Armstead, guardian ad litem for T.A. and T.B.

-1-

VERIFICATION BY SHARICE ARMSTEAD AS GUARDIAN AD LIDEM FOR MINOR PLAINTIFFS T.A. AND T.B.