1    LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
2    E-mail:  dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
3    Email: rvalentine@galipolaw.com
21800 Burbank Blvd., Suite 310
4    Woodland Hills, CA  91367
Tel: (818) 347-3333
5    Fax: (818) 347-4111

6    LAW OFFICES OF GOLDBERG & GAGE

7    Bradley C. Gage, Esq. (Bar No. 117808)

8    bgage@goldbergandgage.com
23002 Victory Blvd, Woodland Hills, CA 91367
9    Tel:    (818) 340-9252
Fax:    (818) 340-9088
10

11    *Attorneys for Plaintiffs*

12

13                    **UNITED STATES DISTRICT COURT**

14                   **CENTRAL DISTRICT OF CALIFORNIA**

15

16    N.B., a minor, by and through guardian          Case No.: 2:21-cv-02165-FLA-PD
*ad litem* Elonda Holman, individually
17    and as successor in interest to Terron
Boone, deceased; T.A. and T.B., minors,
18    by and through guardian *ad litem* Sharice      **DECLARATION OF RENEE V.**
Armstead, individually and as successors         **MASONGSONG IN SUPPORT OF**
19    in interest to Terron Boone, deceased;          **PLAINTIFFS' UNOPPOSED *EX***
D.S., a minor, by and through guardian           ***PARTE* APPLICATION FOR**
20    *ad litem* Shellondra Thomas,                   **APPROVAL OF COMPROMISE OF**
individually; and SHELLONDRA                     **THE CLAIMS OF THE MINOR**
21    THOMAS, individually,                           **PLAINTIFFS**

22                     Plaintiffs,

23          vs.

24

25    COUNTY OF LOS ANGELES, et al.,

26                     Defendants.

27

28

                                   -1-

## DECLARATION OF RENEE V. MASONGSONG

1.     I am an attorney licensed to practice law in the United States District Court for the Central District of California.  I am one of the attorneys of record for the Plaintiffs in this action.  I have personal knowledge of the matters stated herein and would and could testify competently thereto if called.  I make this declaration in support of Plaintiffs' *ex parte* application for approval of the compromise of the claims of Minor Plaintiffs in this case (N.B., a minor, by and through guardian *ad litem* Elonda Holman, individually and as successor in interest to Terron Boone, deceased; T.A. and T.B., minors, by and through guardian *ad litem* Sharice Armstead, individually and as successors in interest to Terron Boone, deceased; D.S., a minor, by and through guardian *ad litem* Shellondra Thomas, individually) (hereinafter, "the Minor Plaintiffs").

2.     Defendants are represented by Jill Williams; Carpenter, Rothans & Dumont; 500 South Grand Avenue, 19th Floor; Los Angeles, California 90071; 213-228-0400; jwilliams@crdlaw.com.

3.     I emailed a copy of the instant Application to Defendants' counsel on February 27, 2025.  Defendants' counsel Ms. Williams and I exchanged emails on February 28, 2025, and Ms. Williams agreed to accept service of the notice of the instant Application by email.  Ms. Williams also indicated that Defendants do not anticipate filing an opposition to the instant Application.  Ms. Williams also informed me that Defendants do not oppose the filing of this application for approval of the minor's compromise on an *ex parte* basis, and Defendants take no position on the proposed distribution of the settlement funds.

4.     This Application seeks approval of the compromise of the Minor Plaintiffs' claims on an *ex parte* basis because the interest rate for the annuities are likely to expire if this petition is heard as a regularly noticed motion.  For that reason, filing this Application as a regularly noticed motion may cause a decrease in payment benefits to the Minor Plaintiffs.

-2-

1    5.    The settlement agreement obligates Defendants to pay Plaintiffs and

2  their attorneys of record the total gross sum of $275,000 divided between the

3  Plaintiffs in the gross amounts as follows:

4        N.B. and her attorneys                        $65,000

5        T.A. and his attorneys                        $65,000

6        T.B. and his attorneys                        $65,000

7        D.S. and her attorneys                        $20,000

8        Shellondra Thomas and her attorneys:          $60,000

9    6.    The nature of the Plaintiffs' claims in this lawsuit are set forth in the

10  operative complaint filed in this action.  Plaintiffs have agreed to settle their claims

11  without a trial on the merits.

12    7.    Plaintiffs N.B.'s, T.A.'s, and T.B.'s damages in this case arise from (1)

13  the injuries suffered by their father, Terron Boone (the decedent), for which

14  Plaintiffs N.B., T.A., and T.B. can recover survival damages as a successor in

15  interest (survival damages); and (2) Plaintiffs N.B.'s, T.A.'s, and T.B.'s individual

16  losses of the decedent's comfort, care, companionship, training, support, and

17  guidance (wrongful death damages).  Plaintiff D.S.'s damages in this case arise from

18  her being in the back seat of the vehicle occupied by the decedent at the time that

19  the decedent was shot.

20    8.    Plaintiffs' attorneys are requesting attorneys' fees of 40% of the

21  $275,000 in gross settlement proceeds.  Plaintiffs signed retainer agreements with

22  the Law Offices of Dale K. Galipo and the Law Offices of Goldberg & Gage that

23  provide for a 40% contingency fee, which is a total of $110,000, divided as follows:

24  (1) $26,000 from N.B.; (3) $26,000 from T.B.; (3) $26,000 from T.A.; (4) $8,000

25  from D.S.; (5) $24,000 from adult plaintiff Shellondra Thomas.

26    9.    Plaintiffs' attorneys also seek reimbursement for each minor plaintiff's

27  pro rata share of Plaintiffs' total advanced litigation costs.  Plaintiffs and their

28  attorneys propose to allocate these costs on a pro rata basis reflecting the total

1  recovery to each plaintiff. The total advanced litigation costs are $11,304.09.  Each

2  minor plaintiff's pro rata share of the litigation costs is as follows:

3      N.B.: $2,671.61

4      T.A.: $2,671.61

5      T.B.: $2,671.61

6      D.S.: $824.09

7      Additionally, Plaintiffs' attorneys seek reimbursement for any liens asserted

8  against the settlement, including a $2,244.41 Medi-Cal lien asserted against D.S.'s

9  share of the settlement, and additional liens asserted against adult Plaintiff

10 Shellondra Thomas's portion of the settlement.

11      10.      The contingency attorney fee award in this case is justified by attorney

12 Dale K. Galipo's skill and experience in the civil rights field, the difficulties and

13 complexities of this case, and the risk assumed by Plaintiffs' counsel.  Mr. Galipo is

14 one of the most successful and experienced civil rights attorneys in the country.  Mr.

15 Galipo has been elected as a "Super Lawyer" every year since the year 2013.  In

16 2019, Mr. Galipo was selected to the Inner Circle of Advocates, considered to

17 represent the top one hundred civil plaintiff's attorneys in the United States.  Also in

18 2019, Mr. Galipo was elected as a Fellow of the American College of Trial

19 Lawyers, which is recognized as the preeminent organization of trial lawyers in

20 North America.  In 2020, Mr. Galipo received the "Trial Lawyer of the Year" award

21 from the Consumer Attorneys Association of Los Angeles ("CAALA").  Also in

22 2020, Mr. Galipo received the "2020 Consumer Attorney of the Year" award from

23 the Consumer Attorneys of California ("CAOC").

24      Some of Mr. Galipo's recent notable verdicts include the following:

25 $13,500,000 verdict in the restraint death case *Zelaya v. City of Los Angeles*, tried in

26 federal court before the Honorable Otis Wright in October 2023; $23,800,000

27 verdict in the police shooting case *Murillo v. City of Los Angeles*, tried in federal

28 court before the Honorable Fernando Olguin in August 2023; $10,000,000 verdict in

DECLARATION OF RENEE V. MASONGSONG

1 the case *Najera v. County of Riverside*, tried in federal court in April 2023 before

2 the Honorable Dolly M. Gee; $17,002,000 verdict in the case *French v. City of Los*

3 *Angeles*, tried in October 2021 before the Honorable Jesus G. Bernal; $13,200,000

4 verdict in the police in-custody death case *Valenzuela v. City of Anaheim*, tried in

5 November 2019 before the Honorable Cormac J. Carney.

6      Mr. Galipo has recently been awarded statutory attorney fee rates of over

7 $1,000 an hour and up to $1,400 an hour by multiple federal courts.  In the case *L.D.*

8 *v. City of Los Angeles*, tried in federal court in January 2020 in front of the

9 Honorable Philip Gutierrez, Mr. Galipo achieved a verdict of $4.5 million, and

10 Judge Gutierrez awarded Mr. Galipo an hourly rate of $1,100 in ruling on the

11 attorney fee motion brought post-trial pursuant to 42 U.S.C. § 1988.  In the case

12 *Donastorg v. City of Ontario*, tried in federal court in June 2021 before the

13 Honorable Jesus G. Bernal, Mr. Galipo was also awarded $1,100 per hour.  In *Craig*

14 *v. County of Orange*, which Mr. Galipo tried in April of 2019, the Honorable

15 Cormac J. Carney awarded Mr. Galipo an hourly rate of $1,000 for work performed

16 in the district court case, as well as $1,200 per hour for his work in defending

17 defendants' appeals to the Ninth Circuit and the Supreme Court.  Also in 2019,

18 Judge Carney awarded Mr. Galipo $1,200 per hour for his work in defending the

19 defendants' appeals of the verdict in the case *Valenzuela v. City of Anaheim*.  In

20 *French v. City of Los Angeles*, Judge Bernal awarded Mr. Galipo $1,100 per hour

21 for his work at the district court level.  In the same case, after the plaintiffs prevailed

22 against the City's appeal, Judge Bernal awarded Mr. Galipo $1,400 per hour for

23 attorney fees on appeal, in an order dated February 21, 2024.  Mr. Galipo's hourly

24 rates as awarded by these federal judges supports Plaintiffs' attorneys' request for

25 the full 40% contingency attorney fee in this case.

26      Additionally, this case involved a substantial amount of risk.  If the Law

27 Offices of Dale K. Galipo and the Law Offices of Goldberg & Gage were not

28 awarded a fully compensatory fee in cases such as this one, then these attorneys

DECLARATION OF RENEE V. MASONGSONG

1  would not be able to take such difficult cases.  In turn, minor plaintiffs such as A.H.

2  would not be able to attract competent counsel who could achieve similar results.

3  Accordingly, Plaintiffs' attorneys request reimbursement of the full amount of their

4  attorneys' fees and costs.

5      11. As stated above, the gross amount of the settlement is $275,000.  After

6          deducting requested attorneys' fees and deducting and the pro-rata share of

7          costs and lien asserted against D.S.'s share of the settlement, the total net

8          settlement proceeds to the Minor Plaintiffs are as follows:

9              N.B.: $36,328.39

10             T.A.: $36,328.39

11             T.B.: $36,328.39

12             D.S.: $8,931.50

13     12.    It is requested that $36,328.39 be used to fund a structured settlement

14  annuity for N.B.  Attached as "Exhibit A" to the Declaration of Renee V.

15  Masongsong is the proposed structured settlement annuity for N.B., which is

16  incorporated herein in its entirety by reference. N.B.'s guardian *ad litem,* Elonda

17  Holman, agrees to this proposal and believes that it is in the best interests of N.B.

18         It is further requested that $36,328.39 be used to fund a structured settlement

19  annuity for T.B.  Attached as "Exhibit A" to the Declaration of Renee V.

20  Masongsong is the proposed structured settlement annuity for T.B., which is

21  incorporated herein in its entirety by reference. T.B.'s guardian *ad litem,* Sharice

22  Armstead, agrees to this proposal and believes that it is in the best interests of T.B.

23         It is further requested that $36,328.39 be used to fund a structured settlement

24  annuity for T.A.  Attached as "Exhibit A" to the Declaration of Renee V.

25  Masongsong is the proposed structured settlement annuity for T.A., which is

26  incorporated herein in its entirety by reference. T.A.'s guardian *ad litem,* Sharice

27  Armstead, agrees to this proposal and believes that it is in the best interests of T.A.

28         It is further requested that $8,931.50 be used to fund a structured settlement

DECLARATION OF RENEE V. MASONGSONG

1    annuity for D.S.  Attached as "Exhibit A" to the Declaration of Renee V.

2    Masongsong is the proposed structured settlement annuity for D.S., which is

3    incorporated herein in its entirety by reference. D.S.'s guardian *ad litem,* Shellondra

4    Thomas, agrees to this proposal and believes that it is in the best interests of D.S.

5    The net settlement amount to D.S. is different from the net settlement amount to

6    T.A., T.B., and N.B. because D.S. had different claims and standing.  T.A., T.B.,

7    and N.B. are the children of the decedent, and T.A., T.B., and N.B. had wrongful

8    death and survival claims as the decedent's successors in interest.

9        13.     This application or petition does not seek an order for payment of

10    money to a special needs trust.

11        14.     I (attorney Renee V. Masongsong, California State Bar Number

12    281819) prepared the petition filed concurrently herewith. I am an attorney with the

13    Law Offices of Dale K. Galipo, located at 21800 Burbank Boulevard, Suite 310,

14    Woodland Hills, California, which represents the Plaintiffs in this action.

15        15.     Plaintiffs' attorneys did not become concerned with this matter at the

16    instance of any party against whom the claims of the Minor Plaintiffs are asserted.

17        16.     Plaintiffs' attorneys are not employed by any other party or any

18    insurance carrier involved in the matter.

19        17.     Plaintiffs' attorneys have not to date received any compensation for

20    their services in connection herewith from any person.

21        18.     In addition to receiving compensation from the Minor Plaintiffs' shares

22    of the settlement as described herein, Plaintiffs' attorneys expect to receive

23    compensation for their services in connection herewith from the gross settlement

24    proceeds allocated to Plaintiff Shellondra Thomas as follows: Plaintiffs' attorneys

25    will receive $24,000 in attorneys' fees from Shellondra Thomas' portion of the

26    settlement and reimbursement from Shellondra Thomas the amount of her pro rata

27    share of costs advanced, which is $2,465.17.

28

-7-

1    19.    Attached hereto as "Exhibit B" is a group of documents from

2  Metropolitan Tower Life Insurance Company including the ratings and sample

3  guarantee.

4        I declare under penalty of perjury of the laws of the United States of America

5  that the foregoing is true and correct, and that this declaration was executed this 28th

6  day of February at Woodland Hills, California.

7

8                          *s/ Renee V. Masongsong*
                    _____
9                          Renee V. Masongsong

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF RENEE V. MASONGSONG