1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11   N.B., *et al.*,                         Case No. 2:21-cv-02165-FLA (PDx)

12                         Plaintiffs,
                                              **ORDER DENYING PLAINTIFFS'**
13            v.                              **UNOPPOSED *EX PARTE***
                                              **APPLICATION FOR APPROVAL OF**
14   COUNTY OF LOS ANGELES, *et al.*,         **MINORS' COMPROMISE [DKT. 70]**

15                         Defendants.

16

17

18

19

20

21

22

23

24

25

26

27

28

1                                     **<u>RULING</u>**

2        Before the court is Plaintiffs N.B. (a minor, by and through guardian *ad litem*

3   Elonda Holman, individually and as successor-in-interest to Terron Boone, deceased),

4   T.A. and T.B. (minors, by and through guardian *ad litem* Sharice Armstead,

5   individually and as successors-in-interest to Terron Boone, deceased), D.S. (a minor,

6   by and through guardian *ad litem* Shellondra Thomas, individually), and Shellondra

7   Thomas' ("Thomas") (collectively, "Plaintiffs") unopposed *ex parte* application for

8   approval of minors' compromise ("Application").  Dkt. 70 ("Appl.").

9        For the reasons set forth below, the court DENIES the Application.

10                                  **<u>DISCUSSION</u>**

11  **I.     Legal Standard**

12       "District courts have a special duty, derived from [Fed. R. Civ. P. ("Rule")]

13  17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*,

14  638 F.3d 1177, 1181 (9th Cir. 2011).  Rule 17(c) provides, in relevant part, that a

15  district court "must appoint a guardian *ad litem*—or issue another appropriate order—

16  to protect a minor or incompetent person who is unrepresented in an action."  "In the

17  context of proposed settlements in suits involving minor plaintiffs, this special duty

18  requires a district court to 'conduct its own inquiry to determine whether the

19  settlement serves the best interests of the minor.'" *Robidoux*, 638 F.3d at 1181

20  (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).

21       The court's inquiry is directed to "whether the net amount distributed to each

22  minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case,

23  the minor's specific claim, and recovery in similar cases." *Id.* at 1182.  The inquiry

24  "should evaluate the fairness of each minor plaintiff's net recovery without regard to

25  the proportion of the total settlement value designated for adult co-plaintiffs or

26  plaintiffs' counsel[.]" *Id.* (internal citation omitted).  "If the net recovery of each

27  minor plaintiff under the proposed settlement is fair and reasonable, the district court

28  should approve the settlement as presented, regardless of the amount the parties agree

                                           2

1 to designate for adult co-plaintiffs and attorney's fees." *Id.*

2 **II.   Background**

3      Plaintiffs assert tort claims and claims for violations of constitutional rights

4 against Defendant the County of Los Angeles ("Defendant"), arising from the fatal

5 shooting of Terron Boone ("Boone") on June 17, 2020, by a deputy of the Los

6 Angeles County Sheriff's Department while Boone was in the passenger seat of a

7 vehicle. Dkt. 25 (First Amended Complaint); Appl. at 4. D.S. was in the backseat of

8 the vehicle. Appl. at 4. Thomas was in the driver's seat and is D.S.'s legal guardian

9 and biological mother. *Id.* Boone's children—N.B., T.A., and T.B.— assert claims as

10 Boone's successors-in-interest. *Id.*

11      Pursuant to a settlement agreement, Defendant has agreed to pay a total gross

12 sum of $275,000 to Plaintiffs. *Id.* at 4–5. From this amount, N.B. and her attorneys

13 would receive $65,000, T.A. and his attorneys would receive $65,000, T.B. and his

14 attorneys would receive $65,000, D.S. and her attorneys would receive $20,000, and

15 Thomas and her attorneys would receive $60,000. *Id.* Plaintiffs' counsel requests

16 attorney's fees of 40% of the $275,000 in gross proceeds—*i.e.*, $110,000. *Id.* at 6–7.

17 After deducting attorney's fees and costs, N.B. would receive $36,328.39, T.A. would

18 receive $36,328.39, T.B. would receive $36,328.39, and D.S. would receive

19 $8,931.50. *Id.* at 9. The proceeds would be paid via a structured settlement annuity.

20 Dkt. 70-3.

21 **III.   Analysis**

22      The court is unable to determine whether the amount to be distributed to each

23 minor Plaintiff is fair and reasonable. The Application provides little information

24 regarding the facts of the case and the minors' specific claims, Appl. at 4–6, and no

25 information regarding recovery in similar cases, *id.* at 6–13. The court, therefore,

26 DENIES the Application without prejudice.

27 / / /

28 / / /

3

**CONCLUSION**

For the foregoing reasons, the Application is DENIED without prejudice. Plaintiffs are GRANTED leave to file a renewed application within twenty-one (21) days of this Order.


IT IS SO ORDERED.


Dated: March 28, 2025

                         FERNANDO L. AENLLE-ROCHA
                         United States District Judge