LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
E-mail: dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
Email: rvalentine@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4111

LAW OFFICES OF GOLDBERG & GAGE
Bradley C. Gage, Esq. (Bar No. 117808)
bgage@goldbergandgage.com
23002 Victory Blvd, Woodland Hills, CA 91367
Tel:   (818) 340-9252
Fax:   (818) 340-9088

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| N.B., a minor, by and through guardian *ad litem* Elonda Holman, individually and as successor in interest to Terron Boone, deceased; T.A. and T.B., minors, by and through guardian *ad litem* Sharice Armstead, individually and as successors in interest to Terron Boone, deceased; D.S., a minor, by and through guardian *ad litem* Shellondra Thomas, individually; and SHELLONDRA THOMAS, individually, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF LOS ANGELES, et al., <br><br> Defendants. | Case No.: 2:21-cv-02165-FLA-PD <br><br> **DECLARATION OF RENEE V. MASONGSONG IN SUPPORT OF PLAINTIFFS' RENEWED *EX PARTE* APPLICATION FOR APPROVAL OF COMPROMISE OF THE CLAIMS OF THE MINOR PLAINTIFFS** |

-1-
DECLARATION OF RENEE V. MASONGSONG

## **DECLARATION OF RENEE V. MASONGSONG**

1. I am an attorney licensed to practice law in the United States District Court for the Central District of California. I am one of the attorneys of record for the Plaintiffs in this action. I have personal knowledge of the matters stated herein and would and could testify competently thereto if called. I make this declaration in support of Plaintiffs' renewed *ex parte* application for approval of the compromise of the claims of Minor Plaintiffs in this case (N.B., a minor, by and through guardian *ad litem* Elonda Holman, individually and as successor in interest to Terron Boone, deceased; T.A. and T.B., minors, by and through guardian *ad litem* Sharice Armstead, individually and as successors in interest to Terron Boone, deceased; D.S., a minor, by and through guardian *ad litem* Shellondra Thomas, individually) (hereinafter, "the Minor Plaintiffs").

2. Defendants are represented by Jill Williams; Carpenter, Rothans & Dumont; 500 South Grand Avenue, 19th Floor; Los Angeles, California 90071; 213-228-0400; jwilliams@crdlaw.com.

3. I previously emailed a copy of the initial Application to Defendants' counsel on February 27, 2025. Ms. Williams indicated at that time that Defendants do not anticipate filing an opposition to the initial Application. Ms. Williams also informed me at that time that Defendants do not oppose the filing of this application for approval of the minor's compromise on an *ex parte* basis, and Defendants take no position on the proposed distribution of the settlement funds. The instant Renewed Application provides information requested by this Court (Dkt. 71), including a summary of the facts and Plaintiffs' claims, as well as information regarding settlement value in comparable cases. Given Defendants' position on the initial Application, I do not believe that Defendants will be filing an opposition to the Renewed Application. I communicated with Ms. Williams regarding this case on April 9, 2025, at which time we agreed on a Joint Status report that indicated that Plaintiffs would be filing the instant Renewed Application on or before April 18,

1 2025. (Dkt. 72). I attempted to reach Ms. Williams by email and by phone on April 18, 2025, to confirm Defendants' position, but I did not receive a response.

4. This Application seeks approval of the compromise of the Minor Plaintiffs' claims on an *ex parte* basis because the interest rate for the annuities are likely to expire if this petition is heard as a regularly noticed motion. For that reason, filing this Application as a regularly noticed motion may cause a decrease in payment benefits to the Minor Plaintiffs.

5. The settlement agreement obligates Defendants to pay Plaintiffs and their attorneys of record the total gross sum of $275,000 divided between the Plaintiffs in the gross amounts as follows:

| | |
|---|---|
| N.B. and her attorneys | $65,000 |
| T.A. and his attorneys | $65,000 |
| T.B. and his attorneys | $65,000 |
| D.S. and her attorneys | $20,000 |
| Shellondra Thomas and her attorneys: | $60,000 |

These are the amounts that the Plaintiffs agreed to.

6. The nature of the Plaintiffs' claims in this lawsuit are set forth in the operative complaint filed in this action. Plaintiffs have agreed to settle their claims without a trial on the merits.

7. Plaintiffs N.B.'s, T.A.'s, and T.B.'s damages in this case arise from (1) the injuries suffered by their father, Terron Boone (the decedent), for which Plaintiffs N.B., T.A., and T.B. can recover survival damages as a successor in interest (survival damages); and (2) Plaintiffs N.B.'s, T.A.'s, and T.B.'s individual losses of the decedent's comfort, care, companionship, training, support, and guidance (wrongful death damages). Plaintiff D.S.'s damages in this case arise from her being in the back seat of the vehicle occupied by the decedent at the time that the decedent was shot.

-3-
DECLARATION OF RENEE V. MASONGSONG

8.    Plaintiffs' attorneys are requesting attorneys' fees of 40% of the $275,000 in gross settlement proceeds. Plaintiffs signed retainer agreements with the Law Offices of Dale K. Galipo and the Law Offices of Goldberg & Gage that provide for a 40% contingency fee, which is a total of $110,000, divided as follows: (1) $26,000 from N.B.; (3) $26,000 from T.B.; (3) $26,000 from T.A.; (4) $8,000 from D.S.; (5) $24,000 from adult plaintiff Shellondra Thomas.

9.    Plaintiffs' attorneys also seek reimbursement for each minor plaintiff's pro rata share of Plaintiffs' total advanced litigation costs. Plaintiffs and their attorneys propose to allocate these costs on a pro rata basis reflecting the total recovery to each plaintiff. The total advanced litigation costs are $11,304.09. Each minor plaintiff's pro rata share of the litigation costs is as follows:

    N.B.: $2,671.61

    T.A.: $2,671.61

    T.B.: $2,671.61

    D.S.: $824.09

Additionally, Plaintiffs' attorneys seek reimbursement for any liens asserted against the settlement, including a $2,244.41 Medi-Cal lien asserted against D.S.'s share of the settlement, and additional liens asserted against adult Plaintiff Shellondra Thomas's portion of the settlement.

10.    The contingency attorney fee award in this case is justified by attorney Dale K. Galipo's skill and experience in the civil rights field, the difficulties and complexities of this case, and the risk assumed by Plaintiffs' counsel. Mr. Galipo is one of the most successful and experienced civil rights attorneys in the country. Mr. Galipo has been elected as a "Super Lawyer" every year since the year 2013. In 2019, Mr. Galipo was selected to the Inner Circle of Advocates, considered to represent the top one hundred civil plaintiff's attorneys in the United States. Also in 2019, Mr. Galipo was elected as a Fellow of the American College of Trial Lawyers, which is recognized as the preeminent organization of trial lawyers in

North America.  In 2020, Mr. Galipo received the "Trial Lawyer of the Year" award from the Consumer Attorneys Association of Los Angeles ("CAALA").  Also in 2020, Mr. Galipo received the "2020 Consumer Attorney of the Year" award from the Consumer Attorneys of California ("CAOC").

Some of Mr. Galipo's recent notable verdicts include the following: $13,500,000 verdict in the restraint death case *Zelaya v. City of Los Angeles*, tried in federal court before the Honorable Otis Wright in October 2023; $23,800,000 verdict in the police shooting case *Murillo v. City of Los Angeles*, tried in federal court before the Honorable Fernando Olguin in August 2023; $10,000,000 verdict in the case *Najera v. County of Riverside*, tried in federal court in April 2023 before the Honorable Dolly M. Gee; $17,002,000 verdict in the case *French v. City of Los Angeles*, tried in October 2021 before the Honorable Jesus G. Bernal; $13,200,000 verdict in the police in-custody death case *Valenzuela v. City of Anaheim*, tried in November 2019 before the Honorable Cormac J. Carney.

Mr. Galipo has recently been awarded statutory attorney fee rates of over $1,000 an hour and up to $1,400 an hour by multiple federal courts.  In the case *L.D. v. City of Los Angeles*, tried in federal court in January 2020 in front of the Honorable Philip Gutierrez, Mr. Galipo achieved a verdict of $4.5 million, and Judge Gutierrez awarded Mr. Galipo an hourly rate of $1,100 in ruling on the attorney fee motion brought post-trial pursuant to 42 U.S.C. § 1988.  In the case *Donastorg v. City of Ontario*, tried in federal court in June 2021 before the Honorable Jesus G. Bernal, Mr. Galipo was also awarded $1,100 per hour.  In *Craig v. County of Orange*, which Mr. Galipo tried in April of 2019, the Honorable Cormac J. Carney awarded Mr. Galipo an hourly rate of $1,000 for work performed in the district court case, as well as $1,200 per hour for his work in defending defendants' appeals to the Ninth Circuit and the Supreme Court.  Also in 2019, Judge Carney awarded Mr. Galipo $1,200 per hour for his work in defending the defendants' appeals of the verdict in the case *Valenzuela v. City of Anaheim*.  In

*French v. City of Los Angeles*, Judge Bernal awarded Mr. Galipo $1,100 per hour for his work at the district court level. In the same case, after the plaintiffs prevailed against the City's appeal, Judge Bernal awarded Mr. Galipo $1,400 per hour for attorney fees on appeal, in an order dated February 21, 2024. Mr. Galipo's hourly rates as awarded by these federal judges supports Plaintiffs' attorneys' request for the full 40% contingency attorney fee in this case.

Additionally, this case involved a substantial amount of risk. If the Law Offices of Dale K. Galipo and the Law Offices of Goldberg & Gage were not awarded a fully compensatory fee in cases such as this one, then these attorneys would not be able to take such difficult cases. In turn, minor plaintiffs such as the minors in this case would not be able to attract competent counsel who could achieve similar results. Accordingly, Plaintiffs' attorneys request reimbursement of the full amount of their attorneys' fees and costs.

11. As stated above, the gross amount of the settlement is $275,000. After deducting requested attorneys' fees and deducting and the pro-rata share of costs and lien asserted against D.S.'s share of the settlement, the total net settlement proceeds to the Minor Plaintiffs are as follows:

   N.B.: $36,328.39
   T.A.: $36,328.39
   T.B.: $36,328.39
   D.S.: $8,931.50

12. It is requested that $36,328.39 be used to fund a structured settlement annuity for N.B. Attached as "Exhibit A" to the Declaration of Renee V. Masongsong is the proposed structured settlement annuity for N.B., which is incorporated herein in its entirety by reference. N.B.'s guardian *ad litem,* Elonda Holman, agrees to this proposal and believes that it is in the best interests of N.B.

It is further requested that $36,328.39 be used to fund a structured settlement annuity for T.B. Attached as "Exhibit A" to the Declaration of Renee V.

Masongsong is the proposed structured settlement annuity for T.B., which is incorporated herein in its entirety by reference. T.B.'s guardian *ad litem,* Sharice Armstead, agrees to this proposal and believes that it is in the best interests of T.B.

It is further requested that $36,328.39 be used to fund a structured settlement annuity for T.A.  Attached as "Exhibit A" to the Declaration of Renee V. Masongsong is the proposed structured settlement annuity for T.A., which is incorporated herein in its entirety by reference. T.A.'s guardian *ad litem,* Sharice Armstead, agrees to this proposal and believes that it is in the best interests of T.A.

It is further requested that $8,931.50 be used to fund a structured settlement annuity for D.S.  Attached as "Exhibit A" to the Declaration of Renee V. Masongsong is the proposed structured settlement annuity for D.S., which is incorporated herein in its entirety by reference. D.S.'s guardian *ad litem,* Shellondra Thomas, agrees to this proposal and believes that it is in the best interests of D.S. The net settlement amount to D.S. is different from the net settlement amount to T.A., T.B., and N.B. because D.S. had different claims and standing.  T.A., T.B., and N.B. are the children of the decedent, and T.A., T.B., and N.B. had wrongful death and survival claims as the decedent's successors in interest.

13. This application or petition does not seek an order for payment of money to a special needs trust.

14. I (attorney Renee V. Masongsong, California State Bar Number 281819) prepared the petition filed concurrently herewith. I am an attorney with the Law Offices of Dale K. Galipo, located at 21800 Burbank Boulevard, Suite 310, Woodland Hills, California, which represents the Plaintiffs in this action.

15. Plaintiffs' attorneys did not become concerned with this matter at the instance of any party against whom the claims of the Minor Plaintiffs are asserted.

16. Plaintiffs' attorneys are not employed by any other party or any insurance carrier involved in the matter.

17. Plaintiffs' attorneys have not to date received any compensation for their services in connection herewith from any person.

18. In addition to receiving compensation from the Minor Plaintiffs' shares of the settlement as described herein, Plaintiffs' attorneys expect to receive compensation for their services in connection herewith from the gross settlement proceeds allocated to Plaintiff Shellondra Thomas as follows: Plaintiffs' attorneys will receive $24,000 in attorneys' fees from Shellondra Thomas' portion of the settlement and reimbursement from Shellondra Thomas the amount of her pro rata share of costs advanced, which is $2,465.17.

19. Attached hereto as "Exhibit B" is a group of documents from Metropolitan Tower Life Insurance Company including the ratings and sample guarantee.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed this 18th day of April at Woodland Hills, California.

*s/ Renee V. Masongsong*
Renee V. Masongsong

-8-
DECLARATION OF RENEE V. MASONGSONG