LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
E-mail: dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
Email: rvalentine@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4111

LAW OFFICES OF GOLDBERG & GAGE
Bradley C. Gage, Esq. (Bar No. 117808)
bgage@goldbergandgage.com
23002 Victory Blvd, Woodland Hills, CA 91367
Tel:   (818) 340-9252
Fax:  (818) 340-9088

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| N.B., a minor, by and through guardian *ad litem* Elonda Holman, individually and as successor in interest to Terron Boone, deceased; T.A. and T.B., minors, by and through guardian *ad litem* Sharice Armstead, individually and as successors in interest to Terron Boone, deceased; D.S., a minor, by and through guardian *ad litem* Shellondra Thomas, individually; and SHELLONDRA THOMAS, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>Defendants. | Case No.: 2:21-cv-02165-FLA-PD<br><br>*Assigned to*:<br>District Judge Fernando L. Aenlle-Rocha<br>Magistrate Judge Patricia Donahue<br><br>**SUPPLEMENTAL DECLARATION OF RENEE V. MASONGSONG IN SUPPORT OF PLAINTIFFS' APPLICATION FOR APPROVAL OF COMPROMISE OF THE CLAIMS OF THE MINOR PLAINTIFFS** |

**DECLARATION OF RENEE V. MASONGSONG**

1. I am an attorney licensed to practice law in the United States District Court for the Central District of California. My office represents the Plaintiffs in this action. I have personal knowledge of the matters stated herein and would and could testify competently thereto if called. I make this declaration in support of Plaintiffs' *ex parte* application for approval of the compromise of the claims of the Minor Plaintiffs in this case (N.B., a minor, by and through guardian *ad litem* Elonda Holman, individually and as successor in interest to Terron Boone, deceased; T.A. and T.B., minors, by and through guardian *ad litem* Sharice Armstead, individually and as successors in interest to Terron Boone, deceased; D.S., a minor, by and through guardian *ad litem* Shellondra Thomas, individually).

2. My office handled the police shooting case *Starks v. County of Los Angeles*. In the above-referenced case involving the shooting of Terron Boone, Defendants alleged that Mr. Boone produced a gun and fired shots at deputies, prompting the deputies to return fire. When the deputies fired upon Mr. Boone, Shellondra Thomas was struck by bullet fragments. The facts of the *Starks* case are similar to the facts of the above-referenced case. In *Starks*, there was evidence that the defendant deputies returned fire on subjects who were fleeing in a vehicle and shooting at the deputies. Plaintiff Ms. Starks brought the case as a successor in interest to her son, who was a bystander struck by a stray bullet during the police shootout giving rise to the case.

3. *Starks* was first filed in the Superior Court of California, County of Los Angeles, and was assigned Case No. 19STCV38462. In that case, the Superior Court of California entered summary judgment against Plaintiff Ms. Starks and in favor of the defendants, finding the deputies' conduct reasonable and leaving the plaintiff with no recovery. The Superior Court determined that Plaintiff Ms. Starks' claims failed because the defendant deputies' use of force—firing their weapons in response to the suspects shooting at them with assault rifles—was objectively

-1-
SUPPLEMENTAL DECLARATION OF RENEE V. MASONGSONG

1  reasonable as to both the fleeing suspects and as to the decedent. Attached hereto as
2  "**Exhibit 1**" is a true and correct copy of the Superior Court's February 11, 2021,
3  order entering summary judgment against Plaintiff Ms. Starks.

4     4.     When the *Starks* case was later re-filed in the Central District of
5  California asserting federal claims (*Starks v. County of Los Angeles, et al.,* Case No.
6  2:21-cv-05209 HDV GJSx), the district court judge granted qualified immunity to
7  the defendant officers on summary judgment. The district court stated in its order
8  granting summary judgment, "[t]he Ninth Circuit has held that "an innocent
9  bystander struck by a stray bullet from the officer's weapon would not have" a
10 Fourth Amendment claim. *United States v. Lockett*, 919 F.2d 585, 590 n.4 (9th Cir.
11 1990) (citing Brower, 489 U.S.); *see also Rodriguez v. City of Fresno*, 819 F. Supp.
12 2d 937, 946 (E.D. Cal. 2011) ("[A]n individual who is accidentally shot by police
13 who are attempting to apprehend someone else cannot maintain a Fourth
14 Amendment claim." (citation omitted))." Attached hereto as "**Exhibit 2**" is a true
15 and correct copy of the district court's September 13, 2024, order granting summary
16 judgment in favor of the defendants in the *Starks* matter. Attached hereto as
17 "**Exhibit 3**" is a true and correct copy of the district court's September 13, 2024,
18 order entering judgment in favor of the *Starks* defendants and dismissing the action
19 with prejudice.

20     5.     My office handled the case *R.E. v. City of Long Beach, et al.*, Case No.
21 2:21-cv-06072-SB-KS. In that case, the decedent refused numerous commands by
22 officers to drop a knife. When the decedent approached the officers with the knife, a
23 fatal officer-involved-shooting occurred. Similarly, in the instant case, decedent
24 Terron Boone allegedly brandished a weapon immediately prior to the officer-
25 involved shooting. In the *R.E.* matter, a judge sitting for the Central District of
26 California entered summary judgment against the minor plaintiff and in favor of the
27 defendants, leaving the minor plaintiff with no recovery. The *R.E.* court also granted
28 qualified immunity to the defendant officers. Attached hereto as "**Exhibit 4**" is a

true and correct copy of the district court's July 5, 2022, order granting summary judgment in favor of the defendants in that case. Attached hereto as "**Exhibit 5**" is a true and correct copy of the district court's final judgment dismissing the *R.E.* plaintiffs' claims with prejudice.

6. My office handled the fatal police shooting case *Fernando Del Castillo, et al. v. City of Tempe, et al.*, Case No. CV-14-01945-PHX-DLR. In that case, a judge sitting for the District of Arizona granted qualified immunity and summary judgment in favor of the defendants, reasoning that the decedent posed an immediate threat of death or serious bodily injury when he advanced toward a deputy with an edged weapon. Similarly, in the instant case, Mr. Boone allegedly fired shots at the deputies and then continued to point his gun at deputies. Attached hereto as "Exhibit 6" is a true and correct copy of the district court's order granting summary judgment in favor of the *Del Castillo* defendants. Attached hereto as "**Exhibit 7**" is a true and correct copy of the district court's November 18, 2016, order entering judgment against the plaintiffs in the *Del Castillo* case.

7. My office handled the fatal police shooting case *Angela Hernandez v. City of Huntington Beach*, Case No. 17-01257 PA (KESx). In that case, the decedent moved toward civilians with a stick, and then an officer-involved shooting occurred. The *Hernandez* defendants moved for summary judgment, and the district court judge granted qualified immunity to the defendant officers as to the federal claims and declined to exercise supplemental jurisdiction over the plaintiff's remaining state law claims. Attached hereto as "**Exhibit 8**" is a true and correct copy of the district court's July 30, 2018, order granting summary judgment in favor of the defendants. Plaintiff refiled her state law claims in the Superior Court of California, County of Orange (Case No. 30-2020-01137506-CU-CR-CJC). The case came to trial, and the jury reached a verdict in favor the defendants, leaving the plaintiff with no recovery. Attached hereto as "**Exhibit 9**" is the March 23, 2022, judgment on the verdict in the *Hernandez* matter.

-3-
SUPPLEMENTAL DECLARATION OF RENEE V. MASONGSONG

8. My office tried the case *Speer v. County of San Bernardino, et al.*, Case No. 5:20-cv-00044-JGB-SP, in the Central District of California. As in the instant case, where Defendants allege that Mr. Boone was armed and was firing at officers, there was evidence in *Speer* that Plaintiff Mr. Speer was armed with a loaded shotgun at the time of the shooting. The facts of *Speer* were a much closer call, where Mr. Speer survived and testified that he never pointed the gun at the deputies, and it was undisputed that Mr. Speer never fired any shots during the incident. The jury considered the evidence and ultimately reached a verdict in favor of the defendants. Attached hereto as "**Exhibit 10**" is a true and correct copy of the October 20, 2021, Judgment After Trial by Jury stating that the plaintiff Mr. Speer shall take nothing.

9. My office handled the 2017 fatal police shooting case *Barron v. State of California, et al.*, Case No. 8:17-cv-1275 JVS (KESx). In that case, a jury in the Central District of California reached a verdict in favor of the defendants, even though the decedent was unarmed. The defendant officer in *Barron* testified that the decedent's actions led him to reasonably believe that the decedent had a gun and would shoot him. The facts of the instant case are even more difficult, where the evidence indicates that Mr. Boone not only had a gun but fired shots at deputies. Attached hereto as "**Exhibit 11**" is a true and correct copy of the January 2, 2019, Judgment Upon Jury Verdict entered against the plaintiff in the *Barron* case.

10. My office handled the case *A.H. et al., v. County of San Bernardino, et al.*, Case no. 5:23-cv-01028-JGB-SHK, which arose from a fatal officer-involved-shooting that occurred after the decedent ran from a traffic stop at night. In *A.H.*, the evidence showed that the decedent threatened to shoot the officer pursuing him nine times before an officer-involved-shooting occurred. Hindsight evidence showed that the decedent in *A.H.* was unarmed at the time of the shooting. The facts of the instant case are even more difficult, where the evidence indicates that Mr. Boone was not only armed at the time of the shooting, but allegedly fired shots at deputies.

-4-

SUPPLEMENTAL DECLARATION OF RENEE V. MASONGSONG

In 2024, the *A.H.* case settled for a total of $250,000, divided between four plaintiffs. In *A.H.*, the decedent had two minor children, and a judge sitting for the Central District approved the distribution of the minor's settlement in the net amount of $35,338.23 for each minor, including approving a 40 percent contingency attorney fee. Attached hereto as "**Exhibit 12**" is a true and correct copy of the district court's order approving the compromise of the claims of minor plaintiffs A.H. and H.H.

11. My office handled the fatal police shooting case *Soria v. County of San Bernardino*, Case No. 5:22-cv-01958-JGB-KK. In that case, the evidence showed that the decedent made verbal threats and pointed a gun at a neighbor. The decedent in *Soria* was armed with a gun and entering a vehicle to leave the area when he was shot by a San Bernardino County deputy. Based on the foregoing evidence, the Soria plaintiffs accepted a settlement of $250,000, divided between two adult plaintiffs. Attached hereto as "**Exhibit 13**" is a redacted copy of the relevant portion of the 2024 settlement agreement in the *Soria* case.

12. My office handled the fatal police shooting case *J.G. v. City of Arvin*, Case No. 1:20-cv-00941-JLT-BAK in the Eastern District of California. That case settled for a total of $225,000 in 2022, and the presiding district court judge approved the net settlement amount of $25,410.06 to each of the four minors. In the *J.G.* case, the decedent was armed with an ice pick when officers arrived on scene, and they were aware at that time that the decedent had previously been arrested for stabbing a person with an ice pick. According to the officers, the decedent barricaded his girlfriend in a bathroom, disobeyed numerous commands to drop the object and then lunged toward the officers with the object in his hand. The decedent's children and girlfriend were present in the home at the time of the incident. Attached hereto as "**Exhibit 14**" is a true and correct copy of the district court's Findings and Recommendations Recommending Granting Ex Parte Application for Compromise of Minors' Claims, including approving a 40 percent

contingency attorney fee. Attached hereto as "**Exhibit 15**" is a true and correct copy of the district court's February 8, 2023, Order Adopting Findings and Recommendations and Granting Ex Parte Application for Compromise of Minors' Claims.

13. My office handled the case *A.B., et al. v. City of Santa Ana, et al.*, Case No. SA CV 18-1553-DOC-ADS, which arose from a fatal officer-involved-shooting that occurred when officers responded to a domestic disturbance call. In *A.B.*, certain evidence showed that the decedent refused commands to drop a weapon, made verbal threats in the vicinity of several family members, and advanced toward officers with the weapon. Based on the foregoing evidence, the plaintiffs agreed to accept a global settlement of $250,000, which was divided between eleven plaintiffs. Five of the eleven plaintiffs were minors. Four of the minor plaintiffs in that case—L.B. (the decedent's sister), J.A. (the decedent's stepson), I.B. (the decedent's brother), and J.M. (the decedent's nephew)—asserted only claims for Negligent Infliction of Emotional Distress ("NIED") and did not have standing to bring wrongful death or survival claims. Minor Plaintiff A.B., who was the decedent's son and successor-in-interest, asserted survival claims on the decedent's behalf, wrongful death claims for the loss of his father, and a claim for NIED. Attached hereto as "**Exhibit 16**" is a true and correct copy of the Complaint in the *A.B.* case showing the claims brought by each plaintiff.

14. In *A.B.*, as in the instant case involving Mr. Boone, the minor plaintiffs did not share the global settlement equally. Rather, 36 percent of the total recovery ($90,000 gross) was allocated to A.B. as the decedent's minor child and successor-in-interest, and four percent of the total recovery ($10,000 gross) was allocated to each of the four minor plaintiffs who only asserted NIED claims. Attached hereto as "**Exhibit 17**" is a true and correct copy of the petition for compromise of the claims of minor plaintiff A.B. showing the gross recovery allocated to each plaintiff on page 2 of "Exhibit 17." Attached hereto as "**Exhibit 18**" is a true and correct copy

-6-
SUPPLEMENTAL DECLARATION OF RENEE V. MASONGSONG

1  of the petition for compromise of the claims of minor plaintiff L.B. Attached hereto
2  as "**Exhibit 19**" are the district court's five orders approving the compromise of the
3  claims of the five minor plaintiffs, A.B., L.B., J.A., J.M, and I.B. As reflected in
4  "Exhibit 19," the district court approved the distribution of A.B.'s settlement in the
5  net amount of $50,476.38 and approved the distribution of the settlement to L.B.,
6  J.A., J.M, and I.B. in the net amount of $5,608.49 to each of L.B., J.A., J.M, and I.B.

7      15.    The distribution and division of the settlement in *A.B.* supports the
8  approval of the proposed distribution and division of the settlement in the instant
9  case involving Mr. Boone. In *A.B.*, minor plaintiff A.B. received a larger recovery
10 compared to the other four minor plaintiffs because A.B., as the decedent's son, was
11 entitled to survival damages for the violation of his father's rights, wrongful death
12 damages for the loss of his relationship with his father, and compensatory damages
13 for his severe emotional distress on his NIED claim. By contrast, L.B., J.A., J.M,
14 and I.B. only had NIED claims and were not entitled to any survival or wrongful
15 death damages. The same is true in the instant case, where Mr. Boone's three minor
16 children—N.B., T.A. and T.B.—were entitled to survival damages for the violation
17 of their father's rights and wrongful death damages for the loss of their relationship
18 with their father, whereas minor plaintiff D.S. only had a NIED claim. For that
19 reason, in the instant case, the Plaintiffs agreed that minor plaintiffs N.B., T.A. and
20 T.B. would make a net recovery of $36,328.39 and agreed that minor plaintiff D.S.
21 would make a net recovery of $8,931.50.

22     16.    My office handled the case *Loida Cavazos v. County of Fresno, et al.,*
23 Case No. 1:23-00859-JLT-BAM, a case that arose from the fatal officer shooting of
24 a man who was physically fighting his family and charged at officers with a large
25 stone, despite being tased, which settled for $275,000 in March 2025. Attached
26 hereto as "**Exhibit 20**" is a true and correct copy of the relevant portions of the
27 settlement agreement in that case, redacted.

28

-7-
SUPPLEMENTAL DECLARATION OF RENEE V. MASONGSONG

17. My office handled the case *Yuriar, at al., v. County of Alameda, et al.*, Case No. 23-cv-06438-KAW, a case where officers fatally shot a man who was punching a police officer and threatening to kill the officer. That case settled for $110,000 in early 2025. Attached hereto as "**Exhibit 21**" is a true and correct copy of the relevant portions of the settlement agreement in that case, redacted.

18. My office handled the fatal police shooting case *Anthony Alvarado v. City of San Gabriel*, Case No. 2:21-cv-09742-JAK-AS. That case settled for $250,000 in October 2022, and the settlement was divided between three plaintiffs. In *Alvarado*, the defense argued that the decedent posed an immediate threat justifying deadly force when he refused orders to drop a gun. The facts of the instant case involving Mr. Boone were even more difficult because not only did he have a gun, but the defendants alleged that Mr. Boone fired shots at deputies. Attached hereto as "**Exhibit 22**" is a true and correct copy of the relevant portions of the settlement agreement in that case, redacted.

19. My office handled the fatal police shooting case *Cano v. City of Los Angeles*, Case No. CV15-00333 JAK (Ex). That case settled for $50,000 where the decedent was unarmed but took a shooting stance and pantomimed the use of a gun. The officers alleged that they perceived the decedent to be shooting at him, and hindsight evidence showed that the object the decedent had was a cell phone. Attached hereto as "**Exhibit 23**" is a true and correct copy of the relevant portions of the settlement agreement in that case, redacted.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed this 24th day of April at Woodland Hills, California.

*s/ Renee V. Masongsong*
Renee V. Masongsong