# EXHIBIT 1

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
South Central District, Compton Courthouse, Department A

| | |
|---|---|
| **19STCV38462** | February 11, 2021 |
| **MARY STARKS vs COUNTY OF LOS ANGELES** | 9:00 AM |

Judge: Honorable Maurice A. Leiter   CSR: Jennifer Spee Fonseca, CSR #12840
Judicial Assistant: A. Santiago   ERM: None
Courtroom Assistant: Kim Johnson   Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Marcel Ferrar Sincich (Telephonic) by Dale K. Galipo via LACourtConnect

For Defendant(s): Antonio Kizzie via LACourtConnect (Telephonic)

**NATURE OF PROCEEDINGS:** Hearing on Motion for Judgment on the Pleadings; Hearing on Motion for Summary Judgment

The matters are called for hearing.

Pursuant to Government Code sections 68086, 70044, and California Rules of Court, rule 2.956, Sara Baker, CSR # 13608, certified shorthand reporter is appointed as an official Court reporter pro tempore in these proceedings, and is ordered to comply with the terms of the Court Reporter Agreement. The Order is signed and filed this date.

Counsel submit as to the motion for judgment on the pleadings.

The Court's tentative ruling is adopted as its final ruling as follows:

I. Background

This action arises from the fatal shooting of Rickie Starks on July 3, 2019 in Compton, California. Plaintiff Mary Starks, Decedent's mother, contends that Decedent was shot by Defendants Edwin Barajas and Taylor Ingersoll, Deputy Sheriffs in the Los Angeles Sheriff's Department employed by Defendant County of Los Angeles ("COLA"). Barajas and Ingersoll were trying to apprehend unrelated suspects in a vehicle pursuit. Rickie was 65 years old.

On June 3, 2020, Plaintiff filed the operative First Amended Complaint containing three causes of action against Barajas, Ingersoll, and COLA for (1) battery, (2) negligence, and (3) violation of Civil Code section 52.1 (the "Bane Act").

Defendants now move for judgment on the pleadings on Plaintiff's second cause of action for negligence. For the reasons set forth below, the Court denies the motion.

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
South Central District, Compton Courthouse, Department A

| | |
|---|---|
| **19STCV38462** | February 11, 2021 |
| **MARY STARKS vs COUNTY OF LOS ANGELES** | 9:00 AM |

Judge: Honorable Maurice A. Leiter                CSR: Jennifer Spee Fonseca, CSR #12840
Judicial Assistant: A. Santiago                      ERM: None
Courtroom Assistant: Kim Johnson             Deputy Sheriff: None

---

II. Standard

"A motion for judgment on the pleadings performs the same function as a general demurrer, and hence attacks only defects disclosed on the face of the pleadings or by matters that can be judicially noticed." (Burnett v. Chimney Sweep (2004) 123 Cal.App.4th 1057, 1064.) "In deciding or reviewing a judgment on the pleadings, all properly pleaded material facts are deemed to be true, as well as all facts that may be implied or inferred from those expressly alleged." (Fire Ins. Exchange v. Superior Court (2004) 116 Cal.App.4th 446, 452.) A motion for judgment on the pleadings does not lie as to a portion of a cause of action. (Ibid.) "In the case of either a demurrer or a motion for judgment on the pleadings, leave to amend should be granted if there is any reasonable possibility that the plaintiff can state a good cause of action." (Gami v. Mullikin Medical Ctr. (1993) 18 Cal.App.4th 870, 876.) The motion must be accompanied by a meet and confer declaration. (C.C.P., § 439(a)(3).)

III. Analysis

a. Meet and confer

Defendants' counsel's declaration is sparse concerning the obligation to meet and confer. (Kizzie Decl. ¶ 4 ["This motion is made following efforts to meet and confer with Plaintiff's counsel Marcel Sincich on August 26, 2020. Plaintiff will oppose this motion."].) This generic declaration is insufficient to satisfy Defendants' obligations under the statute.

Plaintiff's counsel notes that their discussion was untimely and did not involve everything that Defendants identified in their motion. (Sincich Decl. ¶ 2.)

The Court will consider the merits in the interests of justice. The parties did meet and confer (belatedly) and Plaintiff opposes on the merits.

b. Merits

Defendants argue that Plaintiff fails to allege that Defendants owed a specific statutory duty to Decedent.

To state a negligence cause of action, a plaintiff must plead: (1) a legal duty owed to the plaintiff to use due care; (2) breach of duty; (3) causation; and (4) damage to the plaintiff. (County of Santa Clara v. Atlantic Richfield Co. (2006) 137 Cal.App.4th 292, 318.)

---

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
South Central District, Compton Courthouse, Department A

| | |
|---|---|
| **19STCV38462** | February 11, 2021 |
| **MARY STARKS vs COUNTY OF LOS ANGELES** | 9:00 AM |

Judge: Honorable Maurice A. Leiter
Judicial Assistant: A. Santiago
Courtroom Assistant: Kim Johnson

CSR: Jennifer Spee Fonseca, CSR #12840
ERM: None
Deputy Sheriff: None

---

Government Code section 815 provides that "[a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person" except as provided by statute. (Gov. Code, § 815, subd. (a); see Hoff v. Vacaville Unified School Dist. (1998) 19 Cal.4th 925, 932.)

However, Plaintiff alleges that COLA is vicariously liable for acts of Barajas and Ingersoll under Government Code sections 815.2, subdivision (a) and 820, subdivision (a). (FAC ¶¶ 3, 50.)

Government Code section 815.2 provides:

(a) A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.

(b) Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability.

Government Code section 820, subdivision (a) provides:

Except as otherwise provided by statute (including Section 820.2), a public employee is liable for injury caused by his act or omission to the same extent as a private person.

Plaintiff alleges that Barajas and Ingersoll caused the injuries while acting within the scope of their employment (FAC ¶¶ 9-10, 50), making COLA liable pursuant to Government Code sections 815.2 and 820.

In this circumstance the exception to public entity immunity in Government Code § 815.2 applies. The statute provides for liability pursuant to vicarious liability. (See Hoff v. Vacaville Unified School Dist. (1998) 19 Cal.4th 925, 932-933.) Moreover, Plaintiff properly alleges that Defendants owed a duty of care in the circumstances here. See Hayes v. County of San Diego, 57 Cal.4th 622, 628 (2013).

IV. Ruling

The motion for judgment on the pleadings is denied.

---

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
South Central District, Compton Courthouse, Department A

| | |
|---|---|
| **19STCV38462** | February 11, 2021 |
| **MARY STARKS vs COUNTY OF LOS ANGELES** | 9:00 AM |

Judge: Honorable Maurice A. Leiter           CSR: Jennifer Spee Fonseca, CSR #12840
Judicial Assistant: A. Santiago               ERM: None
Courtroom Assistant: Kim Johnson              Deputy Sheriff: None

---

Moving party is to give notice.

Counsel argues as to the motion for summary judgment. The Court takes the Hearing on Motion for Summary Judgment under submission.

Later in the p.m.: The Court, having taken the matter under submission this morning, now rules as follows:

I. Background

This action arises from the fatal shooting of Rickie Starks on July 3, 2019 in Compton, California. Plaintiff Mary Starks, Decedent's mother, contends that Decedent was shot by Defendants Edwin Barajas and Taylor Ingersoll, Deputy Sheriffs in the Los Angeles Sheriff's Department employed by Defendant County of Los Angeles ("COLA"). Barajas and Ingersoll were trying to apprehend unrelated suspects in a vehicle pursuit. Rickie was 65 years old.

The operative First Amended Complaint contains three causes of action against Barajas, Ingersoll, and COLA for (1) battery, (2) negligence, and (3) violation of Civil Code section 52.1 (the "Bane Act").

The FAC alleges that Barajas and Ingersoll tried to make a traffic stop of a black Cadillac Escalade in the area of Rosecrans Avenue and North Oleander Avenue. This led to a vehicle pursuit. Barajas and Ingersoll fired their weapons at the vehicle near the corner of West Spruce Street and North Aranbe Avenue. (FAC ¶¶ 22, 24.) This area "is a small, residential street, with an adjoining elementary school." (Id. ¶ 24.) Barajas and Ingersoll also fired their weapons at one or more of the suspects who fled the vehicle. (Id. ¶ 25.) They shot in Decedent's direction, and at other individuals, which Plaintiff alleges was unreasonable force. (Id. ¶ 26.) Decedent was an innocent bystander. (Id. ¶ 27.)

Defendants now move for summary judgment or in the alternative summary adjudication. For the reasons set forth below, the Court grants the motion for summary judgment.

II. Standard

A "motion for summary judgment shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (C.C.P., § 437c(c).) "A moving party need only show it is entitled to the benefit of a presumption affecting the burden of producing evidence in order to shift the burden of proof

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
Civil Division
South Central District, Compton Courthouse, Department A

| | |
|---|---|
| **19STCV38462** | February 11, 2021 |
| **MARY STARKS vs COUNTY OF LOS ANGELES** | 9:00 AM |

| | |
|---|---|
| Judge: Honorable Maurice A. Leiter | CSR: Jennifer Spee Fonseca, CSR #12840 |
| Judicial Assistant: A. Santiago | ERM: None |
| Courtroom Assistant: Kim Johnson | Deputy Sheriff: None |

to the opposing party to show there are triable issues of fact. [Security Pac. Nat. Bank v. Associated Motor Sales (1980) 106 Cal.App.3d 171, 178–179.]" (Alvarez v. Seaside Transportation Services LLC (2017) 13 Cal.App.5th 635, 644.) Once the moving party has met its burden of demonstrating that there is no triable issue as to any material fact, the opposing party cannot rest upon the mere allegations of the pleadings but must present admissible evidence showing that there is a genuine issue for trial. (Aguilar v. Atlantic Richfield Company (2001) 25 Cal.4th 826, 844.) "In ruling on the motion, the court must consider all of the evidence and all of the inferences reasonably drawn therefrom… and must view such evidence… in the light most favorable to the opposing party." (Id. at 844-845; C.C.P., § 437c(p)(2).) "A motion for summary adjudication shall be granted only if it completely disposes of a cause of action, an affirmative defense, a claim for damages, or an issue of duty." (C.C.P., § 437c(f)(1).)

III. Analysis

a. Notice and procedural issues

i. Violations of California Rules of Court, rule 3.1350 – notice of motion and separate statement

Defendants' motion violates California Rules of Court, Rule 3.1350 in two ways.

First, Rule 3.1350(b) requires a notice of motion for summary adjudication to identify each specific cause of action and claims for damages for which summary adjudication is sought. Defendants' notice of motion does not identify that it seeks summary adjudication as to any specific issues. While Defendants may have intended to seek summary adjudication of individual issues that, together, constitute its motion for summary judgment, it notice of motion fails to provide proper notice of that. (See Homestead Savings v. Superior Court (1986) 179 Cal.App.3d 494, 498 ["Any gain in efficiency the court might make by adjudicating sub-issues not targeted by the motion is outweighed by the unfairness to the defending party who has not been properly notified of the danger of such a ruling."].)

Second, Code of Civil Procedure section 437c, subdivisions (b)(1) and (f)(2) require a motion for summary judgment or summary adjudication to include a separate statement of material facts. California Rules of Court, rule 3.1350(d) requires the separate statement to separately identify each cause of action that is the subject of the motion and each supporting material fact claimed to be without dispute with respect to the cause of action.

Defendants' separate statement is a hodgepodge of 80 claimed undisputed facts with no delineated issues.

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
South Central District, Compton Courthouse, Department A

| | |
|---|---|
| **19STCV38462** | February 11, 2021 |
| **MARY STARKS vs COUNTY OF LOS ANGELES** | 9:00 AM |

Judge: Honorable Maurice A. Leiter  
Judicial Assistant: A. Santiago  
Courtroom Assistant: Kim Johnson  

CSR: Jennifer Spee Fonseca, CSR #12840  
ERM: None  
Deputy Sheriff: None

---

These are not merely procedural matters. Failure to comply with these rules deprives Plaintiff of proper notice and deprives the Court of critical information needed to decide the motion. Under these circumstances, the Court may consider Defendants' motion as only for summary judgment, not for summary adjudication in the alternative. (See Truong v. Glasser (2009) 181 Cal.App.4th 102, 118.)

The Court denies the alternative request for summary adjudication based on these defects.

ii. Page limits

Defendants' original motion, filed on July 2, 2020, contained a memorandum of points and authorities that violates the page limit of California Rules of Court, rule 3.1113(d). Defendants filed an amended motion withdrawing a legal argument and reducing the length of the brief. Plaintiff has not been prejudiced; the Court rejects Plaintiff's argument to deny the motion on this ground.

iii. Plaintiff's request for a continuance pursuant to Code of Civil Procedure section 437c, subdivision (h)

Plaintiff's request for a continuance of this motion pursuant to Code of Civil Procedure section 437c, subdivision (h) is denied. Plaintiff fails to show that facts essential to opposition may exist but cannot now be presented. (CCP § 437c, subd. (h).) Plaintiff does not provide any specific information as to what additional depositions may show. (See Sincich Decl. ¶ 2.) Additionally, Defendants filed the original motion on July 2, 2020, and Plaintiff has had many months to obtain additional discovery. (See Rodriguez v. Oto (2013) 212 Cal.App.4th 1020, 1038.)

b. Evidentiary objections

"In granting or denying a motion for summary judgment or summary adjudication, the court need rule only on those objections to evidence that it deems material to its disposition of the motion. Objections to evidence that are not ruled on for purposes of the motion shall be preserved for appellate review." (C.C.P., § 437c(q).)

Excessive objections regarding matters that are not legitimately in dispute and pertinent to the disposition of summary judgment motions can waste the Court's time that can merit sanctions. (See Reid v. Google, Inc. (2010) 50 Cal.4th 512, 532-533 (Reid).)

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
South Central District, Compton Courthouse, Department A

| | |
|---|---|
| 19STCV38462 | February 11, 2021 |
| MARY STARKS vs COUNTY OF LOS ANGELES | 9:00 AM |

| | |
|---|---|
| Judge: Honorable Maurice A. Leiter | CSR: Jennifer Spee Fonseca, CSR #12840 |
| Judicial Assistant: A. Santiago | ERM: None |
| Courtroom Assistant: Kim Johnson | Deputy Sheriff: None |

i. Plaintiff's objections

Plaintiff asserts these objections to Defendants' evidence: (1-14) Ingersoll Declaration; (15-30) Barajas Declaration; (31) Amended Ingersoll Declaration; (32) Amended Barajas Declaration; (33-34) Exhibits; (35-43) Cuevas Declaration; (44-50) Miller Declaration; (51-56) Martindale Declaration; (57) Roches Declaration; (58-60) Camarillo Declaration; and (61-62) Exhibits.

Plaintiff's objections are baseless. The involved officers may speak as to the relevant events. The generic objection based on "province of the jury (question of fact)," citing Evidence Code section 312, is meritless. That objection does not make the evidence inadmissible. In any event, Plaintiff's objections are not material to the disposition of this motion.

ii. Defendants' objections

Defendants asserts these objections to Plaintiff's evidence: (1-26) Sincich Declaration; (1-10) Omalu Declaration; (1-59) Harmening Declaration; and (1-142) Plaintiff's Additional Undisputed Material Facts.

These objections are not material to the resolution of this motion.

c. New allegations not pleaded in the FAC

In opposition to this motion Plaintiff for the first time offers a theory that Barajas and Ingersoll engaged in the shooting so they could be admitted into an alleged Deputies gang called the Executioners. (See Opposition at 3-4, 6, 11-12.) This is beyond the pleadings and the Court does not consider it. (See Distefano v. Forester (2001) 85 Cal.App.4th 1249, 1264 ["To create a triable issue of material fact, the opposition evidence must be directed to issues raised by the pleadings."); see also Hutton v. Fidelity National Title Co. (2013) 213 Cal.App.4th 486, 493 ["[T]he burden of a defendant moving for summary judgment only requires that he or she negate plaintiff's theories of liability as alleged in the complaint; that is, a moving party need not refute liability on some theoretical possibility not included in the pleadings. . . . '[Opposition papers] may not create issues outside the pleadings and are not a substitute for an amendment to the pleadings.'"].)

d. Intent

Defendants proffer evidence that the involved deputies did not intentionally shoot or threaten any non-suspect civilian in the area, doing so only in response to the grave threat from the suspects'

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
South Central District, Compton Courthouse, Department A

| | |
|---|---|
| **19STCV38462** | February 11, 2021 |
| **MARY STARKS vs COUNTY OF LOS ANGELES** | 9:00 AM |

| | |
|---|---|
| Judge: Honorable Maurice A. Leiter | CSR: Jennifer Spee Fonseca, CSR #12840 |
| Judicial Assistant: A. Santiago | ERM: None |
| Courtroom Assistant: Kim Johnson | Deputy Sheriff: None |

shooting at them. (UMF ¶¶ 25, 29-30.) They have satisfied their initial burden.

However, Plaintiff has shown a triable issue as to whether Defendants intentionally shot their firearms in an attempt to stop the fleeing suspects. This is sufficient to support Plaintiff's battery and Bane Act claims under a transferred intent theory. (CACI 1321 ["If [defendant] intended to commit a battery or

assault on one person, but by mistake or accident committed the act on [plaintiff], then the battery or assault is the same as if the intended person had been the victim."].)

Transferred intent in this case, though, depends on whether Defendants used unreasonable force. (See Brown v. Ransweiler (2009) 171 Cal.App.4th 516, 527 n.10 [police officer's actions if reasonable to the suspect are necessary reasonably to bystander plaintiff under transferred intent doctrine].) The Court turns to that issue.

e. Whether Defendants' use of force was reasonable

Defendants argue that their use of force was objectively reasonable as a matter of law. Assessing this argument requires an examination of the seriousness of the crime at issue, whether the suspect reasonably appeared to pose an immediate threat to the safety of the deputies or others, and whether the suspect was actively resisting arrest or attempting to evade arrest. (CACI 1305 [battery by peace officer]; see also CACI 440 [reasonableness of force a factor for negligence].) These criteria are based on the United States Supreme Court's decision in Graham v. Connor (1989) 490 U.S. 386. "The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." (Fetters v. County of Los Angeles (2016) 243 Cal.App.4th 825, 838, internal citation marks omitted, quoting Graham, 490 U.S. 386 at 396.)

Defendants meet their initial burden under the Graham factors. Defendants chased fleeing suspects, whom they observed committing traffic violations appearing to be by a driver under the influence. (UMF ¶¶ 3-7.) The suspects tried to evade them and shot at them with an assault rifle. (Id. ¶¶ 8-16, 18-20, 28.) The shooting disabled Barajas and Ingersoll's vehicle and resulted in injuries to Ingersoll's right hand and left shoulder. (Id. ¶¶ 31-32.)

Defendants contend that the fleeing suspects shot first, based on their belief of sounds of gunshots while in pursuit. Plaintiff disputes this fact, claiming that there were no bullet cartridge casings along the route when these sounds were heard. In any event, there is no dispute that Barajas and Ingersoll heard sounds that resembled gunshots, and the fleeing suspects in fact shot

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
South Central District, Compton Courthouse, Department A

| | |
|---|---|
| 19STCV38462 | February 11, 2021 |
| MARY STARKS vs COUNTY OF LOS ANGELES | 9:00 AM |

| | |
|---|---|
| Judge: Honorable Maurice A. Leiter | CSR: Jennifer Spee Fonseca, CSR #12840 |
| Judicial Assistant: A. Santiago | ERM: None |
| Courtroom Assistant: Kim Johnson | Deputy Sheriff: None |

at them during the pursuit. It is undisputed that the suspects committed a serious crime, in fact used deadly force while trying to flee, and that the Deputies reasonably believed the suspects posed an immediate threat to the safety of the Deputies and others.

In opposition, Plaintiff argues that the Deputies did not try alternatives to deadly force available to them, such as warnings to the fleeing suspects or pedestrians, waiting for backup, or waiting for air support to take over the pursuit. (Opposition at 12-17.) Plaintiff argues that the Deputies should not have shot repeatedly at a moving target from a moving vehicle, in a residential neighborhood. (Plaintiff's Additional Undisputed Material Facts ¶¶ 101-106.)

An officer's use of deadly force is reasonable if "the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officers or others..." Brown v. Ransweiler, supra, 171 Cal.App.4th at 528. As noted, it is undisputed that the fleeing suspects here used deadly force, by shooting at the Deputies with an assault rifle. The issue, then, is whether Plaintiff shows a triable issue of fact by challenging whether the Deputies should have responded with deadly force and the manner in which they did so.

Plaintiff provides no authority for this argument. At argument, Plaintiff directed the Court to Zion v. County of Orange (2017) 874 F. 3d 1072. But Zion, brought under 42 U.S.C. § 1983, does not stand for the proposition Plaintiff urges. The issue there was not whether the officers should have used alternatives to deadly force when responding to deadly force; the issue was whether, when the suspect was on the ground and appeared wounded, he no longer posed an immediate threat to the officers. (Id., 874 F. 3d at 1075-1076.)

Here, Plaintiffs do not contend that Decedent was shot before the immediate threat created by the suspects arose, or after the immediate threat had passed. It is undisputed that Decedent was shot while deadly force was being used by the suspects and while the Deputies and others were under immediate threat to their safety. As a matter of law, Defendants' use of force – firing their weapons in response to the suspects' shooting at them with assault rifles – was objectively reasonable as to both the fleeing suspects and as to Decedent. Brown v. Ransweiler, supra, 171 Cal.App.4th at 534.

This conclusion disposes of all three causes of action. Defendants are entitled to summary judgment.

f. Whether Defendants or the Suspects shot Decedent

The Court does not reach whether a triable issue of fact exists on this issue.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
South Central District, Compton Courthouse, Department A

**19STCV38462**  
**MARY STARKS vs COUNTY OF LOS ANGELES**

February 11, 2021  
9:00 AM

Judge: Honorable Maurice A. Leiter  
Judicial Assistant: A. Santiago  
Courtroom Assistant: Kim Johnson  

CSR: Jennifer Spee Fonseca, CSR #12840  
ERM: None  
Deputy Sheriff: None

---

IV. Ruling

The motion for summary judgment is granted.

Moving party is directed to submit proposed order and proposed judgment.

The clerk is to give notice.

Certificate of Mailing is attached.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Compton Courthouse<br>200 West Compton Blvd, Rm 902, Compton, CA 90220 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>02/11/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: A. Santiago, Deputy |
| PLAINTIFF/PETITIONER:<br>Mary Starks | |
| DEFENDANT/RESPONDENT:<br>County of Los Angeles et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>19STCV38462 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Hearing on Motion for Judgment on the Pleadings; Hearing on M...) of 02/11/2021 upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Compton, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Marcel Ferrar Sincich
The Law Offices of Dale K. Galipo
21800 Burbank Blvd Ste 310
Woodland Hills, CA 91367

Antonio Kizzie
Ivie McNeill Wyatt Purcell & Diggs
444 S. Flower Street Suite 1800
Los Angeles, CA 90071

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 02/11/2021

By: A. Santiago
Deputy Clerk

**CERTIFICATE OF MAILING**