# EXHIBIT 12

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| A.H., et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF SAN BERNARDINO and JUSTIN LOPEZ, <br><br> Defendants. | Case No.: 5:23-cv-01028-JGB-SHK <br><br> [*Honorable Jesus G. Bernal*] <br><br> **ORDER APPROVING PLAINTIFFS' UNOPPOSED *EX PARTE* APPLICATION FOR COMPROMISE OF THE CLAIMS OF MINOR PLAINTIFFS A.H. AND H.H.** |

# ORDER

This Court, having considered Crystal Hanson's Petition for a Court Order Approving the Compromise of the Claims of minor Plaintiffs A.H. and H.H., and GOOD CAUSE appearing , hereby **GRANTS** the Petition and orders:

1. The settlement of minor A.H.'s action against the Defendants in the net amount of $35,338.23 is hereby approved.

2. The settlement of minor H.H.'s action against the Defendants in the net amount of $35,338.23 is also hereby approved.

3. Defendants, through counsel, shall prepare and deliver the drafts for the gross settlement proceeds in the amount of $250,000 no later than forty-five (45) days from the date of this Order, payable as follows:

   a) Defendants will purchase a structured annuity for the minor Plaintiff A.H. in the amount of $35,338.23 from Pacific Life & Annuity Services, Inc. (hereinafter referred to as "Assignee(s)"), which will provide periodic payments to be made by Pacific Life Insurance Company (hereinafter referred to as "Annuity Carrier(s)") rated A+ Class XV by A.M. Best Company.  Defendants shall ensure that the annuity is funded within 45 days of the issuance of this Order.

   b) Additionally, Defendants will purchase a structured annuity for the minor Plaintiff H.H. in the amount of $35,338.23 from Pacific Life & Annuity Services, Inc. (hereinafter referred to as "Assignee(s)"), which will provide periodic payments to be made by Pacific Life Insurance Company (hereinafter referred to as "Annuity Carrier(s)") rated A+ Class XV by A.M. Best Company.  Defendants shall ensure that the annuity is funded within 45 days of the issuance of this Order. To fund both annuities, Defendants shall issue a check

1                 for $70,676.46 made payable to Pacific Life & Annuity Services,
2                 Inc.
3        c) Within 45 days of the signing of this Order, a draft for $179,323.53
4            shall be made payable to the "Law Offices of Dale K. Galipo, Client
5            Trust Account." These funds shall be used to satisfy the following:
6            (1) contingency attorneys' fees owed by the four plaintiffs in the
7            total amount of $100,000, which is 40% of the gross settlement; (2)
8            the advanced litigation costs ($8,647.07); (3) the net settlement
9            amount to the adult plaintiffs, Patricia Holland ($35,338.23) and
10           Chloe Holland ($35,338.23).
11    2.   For A.H., annuity Carrier(s) shall provide periodic payments in
12 accordance with "Exhibit A" to the Declaration of Renee V. Masongsong and as set
13 forth as follows:
14       a) $12,500 lump sum, guaranteed tax free, payable on 10/10/2030
15       b) $43,600 lump sum, guaranteed tax free, payable on 10/10/2037.
16    3. For H.H., annuity Carrier(s) shall provide periodic payments in accordance
17 with "Exhibit B" to the Declaration of Renee V. Masongsong and as set forth as
18 follows:
19       a) $12,500 lump sum, guaranteed tax free, payable on March 10, 2033;
20       b) $51,050 lump sum, guaranteed tax free, payable on March 10, 2040.
21    4.   All sums and periodic payments set forth in the section entitled
22 Payments constitute damages on account of personal injuries or illness, arising from
23 an occurrence, within the meaning of Section 104(a)(2) of the Internal Revenue
24 Code of 1986, as amended.
25    5.   Disbursement drafts will be made payable to and will begin being
26 issued directly to A.H. and H.H. upon reaching the age of maturity according to the
27
28

1  payment schedule as set forth above and in "Exhibit A" and "Exhibit B" to the
2  Declaration of Renee V. Masongsong filed concurrently herewith.
3      6.   Defendants will make a "qualified assignment" within the meaning of
4  Section 130(c), of the Internal Revenue code of 1986, as amended, to Assignee(s),
5  of the Defendants' liability to make the periodic payments as described above and in
6  "Exhibit A" and "Exhibit B" to the Declaration of Renee V. Masongsong. Such
7  assignment, when made, shall be accepted by Plaintiffs A.H. and H.H. without right
8  of rejection and shall completely release and discharge Defendants from such
9  obligations hereunder as are assigned to Assignee(s).
10     7.   Defendants and/or Assignee(s) shall have the right to fund its liability
11 to make periodic payments by purchasing a "qualified funding asset," within the
12 meaning of Section 130(d) of the Code, in the form of an annuity policy from the
13 Annuity Carrier(s).
14     8.   The Assignee(s) shall be the owner of the annuity policy or policies,
15 and shall have all rights of ownership.
16     9.   The Assignee(s) may have Annuity Carrier(s) transmit payments
17 directly to A.H. and H.H. as set forth above. Crystal Hanson (until Plaintiffs A.H.
18 and H.H. reach the age of majority) and then A.H. and H.H. shall be responsible for
19 maintaining the currency of the proper mailing address and mortality information to
20 Assignee(s).

**IT IS SO ORDERED.**

Dated: December 13, 2024

                                        Honorable Jesus G. Bernal
                                        United States District Court
                                        Central District of California