# EXHIBIT 14

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

J.G., A.G., A.P., and L.P., in each case by and through their guardian ad litem, Maria Pantoja, individually and as a successor in interest to Richard Posadas, deceased, and LOURDES VAUGHAN, individually,

Plaintiffs,

v.

CITY OF ARVIN; KEVIN ARCHULETA; ALDO ORNALES; PATRICIA STEWART,

Defendants.

Case No. 1:20-cv-00941-JLT-CDB

**FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING EX PARTE APPLICATION FOR COMPROMISE OF MINORS' CLAIMS**

(ECF No. 24)

On November 11, 2022, plaintiffs J.G., A.G., A.P., and L.P., by and through their guardian *ad litem* (GAL), Maria Pantoja, and Lourdes Vaughan (Plaintiffs), filed an unopposed Ex Parte Application for Approval of Compromise of the Claims of Minor Plaintiffs. (ECF No. 24.) On November 17, 2022, the Court ordered Plaintiffs to submit additional briefing in support for their application. On December 1, 2022, Plaintiffs filed a supplement pursuant to the Court's Order. (ECF No. 27.) The matter is before the assigned Magistrate Judge for the issuance of findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 302.

Based on Plaintiffs' application and supplement, the Court is satisfied it has sufficient information to conduct an inquiry as to whether the proposed compromise serves the best interest

of the minors. For the reasons set forth below, the Court recommends granting Plaintiff's application and approving the proposed compromise.

**BACKGROUND**

On July 6, 2020, Plaintiffs[1] by and through their GAL individually and as successors in interest to Richard Posadas, the decedent, commenced this action by filing a complaint alleging civil rights and state tort claims arising from the Posadas's shooting on December 5, 2018, by officers working for the City of Arvin Police Department. (ECF No. 1.) The parties have agreed to settle Plaintiffs' claims. Under the settlement agreement, Defendants are to pay Plaintiffs and their attorneys $225,000. Each of the five plaintiffs will receive a balance of $45,000. (ECF No. 24 at 1.)

From the balance of $45,000, the application requests a deduction of $18,000 based on a 40 percent contingency fee for each minor plaintiff as well as a pro-rata deduction costs of $1,589.94, for each plaintiff. Following those expenses, the settlement proceeds for the Plaintiffs will be $25,410.06 per plaintiff. Each minor plaintiff will then have their proceeds placed into an annuity plan. (ECF No. 24 p, 6).

**STANDARD OF LAW**

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" Id. (quoting Dacanay v. Mendoza, 573 F.2d 1075, 1080 (9th Cir. 1978)).

The Local Rules for this District provide that "[n]o claim by or against a minor . . . may be settled or compromised absent an order by the Court approving the settlement or compromise." L.R. 202(b). "In actions in which the minor . . . is represented by an appointed representative pursuant to appropriate state law, excepting only those actions in which the United States courts

---

[1] Lourdes Vaughnan is also a plaintiff for this action but is not the subject of this ruling as it concerns the fairness as related to the minor plaintiffs.

have exclusive jurisdiction, the settlement or compromise shall first be approved by the state court having jurisdiction over the personal representative." L.R. 202(b)(1). In all other actions, the motion for approval of a proposed settlement shall be filed pursuant to Local Rule 230, and must disclose, among other things, the following:

> the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent. If reports of physicians or other similar experts have been prepared, such reports shall be provided to the Court. The Court may also require the filing of experts' reports when none have previously been prepared or additional experts' reports if appropriate under the circumstances. Reports protected by an evidentiary privilege may be submitted in a sealed condition to be reviewed only by the Court in camera, with notice of such submission to all parties.

L.R. 202(b)(2). "When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount." L.R. 202(c).

Additionally, under Robidoux, the Court is to consider if the "net amount distributed to [the] minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and **recovery in similar cases.**" Robidoux, 638 F.3d at 1181-82 (emphasis added).

**DISCUSSION**

Plaintiffs' complaint asserts civil rights and tort claims under: (1) 42 U.S.C. § 1983, and (2) Cal. Civil Code 52.1 (The Bane Act). According to Plaintiffs' application, each individual plaintiff is a child of decedent: J.G. is female and was born in 2011, A.G. is male and was born in 2012, A.P. is female and was born in 2015, and L.P. is male and was born in 2015. (ECF No.24

pp. 5-6).

Plaintiffs' supplemental briefing explains that the decedent was shot and killed by City of Arvin police officers Kevin Archuleta and Aldo Ornelas after a police call reporting that the decedent was armed with a "knife-like" weapon, hitting his girlfriend, and threatening another family member. (ECF No. 27 p. 2). According to the involved officers, when they encountered the decedent, they saw him armed with a sharp silver object and were aware the decedent previously had been arrested for stabbing someone with an ice pick. Id.

The supplemental briefing states that the decedent barricaded himself along with his girlfriend in a bathroom and made verbal threats as well as suicidal statements to the officers. Id. According to the officers, the decedent disobeyed numerous commands to drop the object and then lunged at them. Id. The decedent continued to advance at the officers despite multiple taser deployments. There were no videos capturing the shooting itself, and the family member-witnesses were in a backroom or focusing on evacuating the children that were present on that day. Id.

The supplemental briefing further explains how the $225,000 agreed upon figure is fair and reasonable in light of the facts and circumstances. The amount of the proposed compromise was described to the GAL, who is familiar with the facts of this case, and she agreed that the settlement and distribution to each child is fair and reasonable. Additionally, the City of Arvin's self- insurance had a retention cap of $250,000. Plaintiffs' counsel represented in the supplemental briefing that the parties could not have reached a settlement higher than $225,000 given that Defendants were unwilling to involve the excess insurance carrier. (ECF No. 27 p. 1).

Furthermore, the factual challenges in this case made trial a risky proposition. Plaintiffs' counsel represents that the decedent had a history of violence and there were allegations that the decedent was also under the influence at the time of the incident. Id. These adverse facts were at risk of being brought to light on trial. There also was a lack of direct evidence that could assist Plaintiffs with proving liability as there was no available video of the shooting itself and there were likely no witnesses that were favorable to Plaintiff as the only individuals who witnessed the shootings were the same officers that allege that they were attacked by the decedent. Id.

Plaintiffs' counsel had a reasonable apprehension of further litigating the case as they had a chance of recovering nothing if the officers were found to have qualified immunity. Id.

In Plaintiff's supplemental briefing, counsel also identified a number of examples in terms of cases with similar factual circumstances as well as the recoveries. For instance, in R.E. v. City of Long Beach, et al., Case No. 2:21-cv-06072-SB-KS (C.D. Cal.), the district judge entered summary judgment in favor of defendants, which left the minors without a recovery. The Court found that the officers acted reasonably when they were approached by a decedent with a knife or otherwise were granted qualified immunity. See Case No. 2:21-cv-06072 (ECF No. 53, p. 7). Likewise, here, according to Plaintiffs' counsel, it was quite possible that the decedent could have been found to be a threat and the officers acted reasonably in killing him.

Plaintiffs' counsel also provided examples of similar cases that yielded similar or lesser recoveries than the instant settlement proposal. For instance, in A.B., et al v. City of Santa Ana, et al., Case No. 8:18-cv-01553-DOC-ADS (C.D. Cal.), the Court approved a settlement for $250,000 for a similar scenario where a decedent rushed toward his father with a knife, and allegedly intoxicated like the case at bar. See Case No. 8:18-cv-01553-DOC-ADS (ECF No. 83). And in Garcia v. County of Stanislaus, Case No. 1:07-cv-01376-LJO-SMS (E.D. Cal.), a jury returned a verdict of $75,000 in total damages in an excessive police force case that led to a death.

The forgoing examples provided by Plaintiffs' counsel illustrate the risks of recovery in Plaintiffs' case and reinforce that the amount of the proposed compromise settled is commensurate with similar excessive force type actions.

The Court also concludes the proposed annuity plan for the Plaintiffs is reasonable under the circumstances. In the supplemental briefing, Plaintiffs' counsel represents that while each minor plaintiff will receive $25,410.06, under the annuity plan agreed upon, they will net a recovery range from $43,545 to $54,865, which the GAL believes is in their best interest. (ECF No. 27, p. 6.).

Finally, Plaintiffs' counsel represents that the 40 percent contingency fee in respect to each of the four minor's share of the settlement is fair and reasonable under the circumstances.

The contingency fee payments represent a deduction of $18,000 from each of the minor's share of the award, which is commensurate with the fees charged by attorneys with similar skill and experience in the civil rights field. (ECF No. 24 p. 7). Plaintiffs' counsel proffers that difficult civil rights cases such as this one are of great public importance and the 40 percent fee figure is fair given the difficulty and risk that Plaintiffs' counsel incurred.

The litigation costs (which total $7,949.67) represent a deduction of 1,589.94 for each plaintiff. The supplemental briefing provided by Plaintiffs' counsel sets forth that the $7,949.67 figure was reached by adding up costs associated with litigating this case such as the complaint filing fee, court reporter fees, various deposition fees, certified transcription fees, expert retainer fees, copying and service fees. Plaintiffs' counsel has sufficiently described how he and his associates incurred their litigation costs. Accordingly, the Court finds the expenses incurred through the contingency fee and reimbursement fees fair and reasonable.

**CONCLUSION AND RECOMMENDATION**

Based on the recovery in the similar cases cited above, the facts of this case, and the Plaintiffs' specific claims, the Court finds the amount of $25,410.06, to be distributed to each minor plaintiff under the agreed upon terms to be a fair and reasonable settlement of this action. Accordingly, the Court recommends granting the petition for compromise of minors' claims.

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiffs' petition for approval for minors' compromise is GRANTED, and the settlement in whole be APPROVED as fair and reasonable.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. Wilkerson v. Wheeler, 772 F.3d

834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 9, 2022**

UNITED STATES MAGISTRATE JUDGE