

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

N.B., a minor, by and through guardian *ad litem* Elonda Holman, individually and as successor in interest to Terron Boone, deceased; T.A. and T.B., minors, by and through guardian *ad litem* Sharice Armstead, individually and as successors in interest to Terron Boone, deceased; D.S., a minor, by and through guardian *ad litem* Shellondra Thomas, individually; and SHELLONDRA THOMAS, individually,

Plaintiffs,

vs.

COUNTY OF LOS ANGELES, et al.,

Defendants.

Case No.: 2:21-cv-02165-FLA-PD

**[PROPOSED] ORDER APPROVING PLAINTIFFS' AMENDED UNOPPOSED *EX PARTE* APPLICATION FOR COMPROMISE OF THE CLAIMS OF THE MINOR PLAINTIFFS**

**[PROPOSED] ORDER**

This Court, having considered Plaintiffs' Petition for Compromise of the Claims of minor the Plaintiffs D.S., N.B., T.A., and T.B., ("Minor Plaintiffs") and GOOD CAUSE appearing therefore, hereby **GRANTS** the Petition and makes the following orders:

1. The settlement of minor N.B.'s action against the Defendants in the net amount of $36,328.39 is hereby approved.
2. The settlement of minor T.B.'s action against the Defendants in the net amount of $36,328.39 is hereby approved.
3. The settlement of minor T.A.'s action against the Defendants in the net amount of $36,328.39 is hereby approved.
4. The settlement of minor D.S.'s action against the Defendants in the net amount of $8,931.50 is hereby approved.
5. Defendants, through counsel, shall prepare and deliver the drafts for the gross settlement proceeds in the amount of $275,000 payable as follows:
   a) Defendants will purchase a structured annuity for the minor Plaintiff N.B. in the amount of $36,328.39 from Prudential Assigned Settlement Services Corp. (hereinafter referred to as "Assignee"), which will provide periodic payments to be made by The Prudential Insurance Company of America (hereinafter referred to as "Annuity Carrier") rated A+ Class XV by A.M. Best Company. Defendants shall ensure that the annuity is funded within 45 days of the issuance of this Order.
   b) Defendants will purchase a structured annuity for the minor Plaintiff T.A. in the amount of $36,328.39 from Assignee, which will provide periodic payments to be made by Annuity Carrier.

c) Defendants will purchase a structured annuity for the minor Plaintiff T.B. in the amount of $36,328.39 from Assignee, which will provide periodic payments to be made by Annuity Carrier.

d) Defendants will purchase a structured annuity for the minor Plaintiff D.S. in the amount of $8,931.50 from Assignee, which will provide periodic payments to be made by Annuity Carrier.

e) Defendants shall ensure that the annuities are funded within 45 days of the issuance of this Order and **no later than October 1, 2025** (whichever date is earlier) by making a check or checks payable to Assignee.

f) Within 45 days of the signing of this Order, a draft for $157,083.33 shall be made payable to the "Law Offices of Dale K. Galipo, Client Trust Account." These funds shall be used to satisfy the following: (1) contingency attorneys' fees owed by the five plaintiffs in the total amount of $110,000, which is 40% of the gross settlement; (2) the advanced litigation costs ($11,304.09); (3) the net settlement amount to the adult plaintiff, Shellondra Thomas; (4) repayment of the Medi-Cal lien owed by D.S. in the amount of $2,244.41; and (5) repayment of liens owed by adult plaintiff Shellondra Thomas.

6. For N.B., Annuity Carrier shall provide periodic payments in accordance with "Exhibit A" to the Declaration of Renee V. Masongsong and as set forth as follows:

$9,840.00 paid as a lump sum on 09/10/2028

$9,850.00 paid as a lump sum on 09/10/2031

$28,637.01 paid as a lump sum on 09/10/2034

7. For T.B., annuity Carrier shall provide periodic payments in accordance with “Exhibit B” to the Declaration of Renee V. Masongsong and as set forth as follows:

$9,850.00 paid as a lump sum on 01/04/2030

$9,913.48 paid as a lump sum on 01/04/2033

$32,505.96 paid as a lump sum on 01/04/2036

8. For T.A., annuity Carrier shall provide periodic payments in accordance with “Exhibit B” to the Declaration of Renee V. Masongsong and as set forth as follows:

$7,380.00 paid as a lump sum on 09/15/2026

$9,840.00 paid as a lump sum on 09/15/2029

$26,859.82 paid as a lump sum on 09/15/2032

9. For D.S., annuity Carrier shall provide periodic payments in accordance with “Exhibit C” to the Declaration of Renee V. Masongsong and as set forth as follows:

$6,415.00 paid as a lump sum on 03/02/2034

$6,701.06 paid as a lump sum on 03/02/2035

10. All sums and periodic payments set forth in the section entitled Payments constitute damages on account of personal injuries or illness, arising from an occurrence, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

11. Disbursement drafts will be made payable to and will begin being issued directly to the Minor plaintiffs upon reaching the age of maturity according to the payment schedule as set forth above and in “Exhibits A-C” to the Declaration of Renee V. Masongsong filed concurrently herewith.

12. Defendants will make a “qualified assignment” within the meaning of Section 130(c), of the Internal Revenue code of 1986, as amended, to Assignee(s),

of the Defendants' liability to make the periodic payments as described above and in "Exhibits A-C" to the Declaration of Renee V. Masongsong. Such assignment, when made, shall be accepted by the Minor Plaintiffs without right of rejection and shall completely release and discharge Defendants from such obligations hereunder as are assigned to Assignee.

13. Defendants and/or Assignee shall have the right to fund its liability to make periodic payments by purchasing a "qualified funding asset," within the meaning of Section 130(d) of the Code, in the form of an annuity policy from the Annuity Carrier.

14. The Assignee shall be the owner of the annuity policy or policies, and shall have all rights of ownership.

15. The Assignee may have Annuity Carrier transmit payments directly to the Minor Plaintiffs as set forth above. Elonda Holman (until Plaintiff N.B. reaches the age of majority) and then N.B. shall be responsible for maintaining the currency of the proper mailing address and mortality information to Assignee. Shellondra Thomas (until Plaintiff D.S. reaches the age of majority) and then D.S. shall be responsible for maintaining the currency of the proper mailing address and mortality information to Assignee. Sharice Armstead (until Plaintiffs T.B. and T.A. reach the age of majority) and then T.A. and T.B. shall be responsible for maintaining the currency of the proper mailing address and mortality information to Assignee.

**IT IS SO ORDERED.**

Dated: __________, 2025

______________________________________

Honorable Fernando L. Anelle-Rocha
United States District Court
Central District of California